364 A.2d 361
**Faye S. OLIVIERI,**

v.

**Herbert L. OLIVIERI, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

458

Charles H. Greenberg, Philadelphia, for appellant.

Francis J. Morrissey, Jr., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court should not have stricken his counterclaim for partition of real estate filed in response to appellee's complaint for specific performance of a post-nuptial property settlement agreement.

Appellant and appellee were married on August 11, 1957, and have three minor children. Prior to their divorce on October 4, 1971, the parties entered into a property settlement agreement dated September 21, 1971. The agreement established a spendthrift trust over the parties' home at 752 George's Road, Philadelphia, for the exclusive use of appellee and the children until the appellee's death or remarriage or until the parties jointly agreed to sell the property. The agreement provided that appellee should retain all of the jointly owned per-

sonal property. It provided further that appellant would pay: $100 per week for the support of the children during their minority; $50 per week to appellee until her death or remarriage, until the emancipation of the minor children when appellant's payments would increase to $100 per week; mortgage payments, real estate taxes, and water and sewer bills; utility bills up to a maximum of $100; tuition for private school, and college for the three children; the cost of children's camp and synagogue; the cost of health insurance for the appellee and the children; and the cost of a $100,000 life insurance policy with the appellee and the children named as beneficiaries. The parties agreed to negotiate the reduction of support payments to appellee in the event that she were to secure employment, and that all amendments or modifications would have to be made in writing and signed by both parties.

Appellee filed a complaint in equity on July 2, 1975, seeking specific performance of the property settlement agreement, and for judgment in the amount of $21,408.-05, which was allegedly in arrears.

Appellant filed an answer with new matter and counterclaim on July 31, 1975. He admitted signing the property agreement attached to appellee's complaint but denied any breach of the agreement. In new matter, appellant alleged that he signed the property settlement agreement because appellee fraudulently misrepresented that she was not gainfully employed. Additionally, appellant alleged that appellee had continued to conceal her true earnings and refused to negotiate a reduction in her support payments as required by the property settlement agreement, that appellee's salary was currently $17,500 per year, that various understandings had superseded the provisions of the property settlement agreement, that he is entitled to credit for payments made on behalf of the children which were not required by the agreement, that appellee had refused to cooperate in allowing appel-

lant to claim the children as dependents and to take an alimony deduction for the payments to his wife, that appellee had neglected the children, that the appellee had attempted to alienate the children from appellant, and that changed circumstances of appellant's remarriage and fatherhood had occurred since the signing of the agreement. Appellant asked the court to declare the agreement void because of appellant's fraud, to award custody of the children to appellant, and to partition the real estate currently occupied by appellee and the children.

Appellee filed preliminary objections to appellant's answer, new matter, and counterclaim. Appellee also demanded more specific pleadings as to certain facts contained in appellant's answer and new matter, and objected to joinder of appellant's counterclaims for partition and custody. The court below granted appellee's motions for more specific pleadings and struck appellant's counterclaim insofar as it prayed for custody [1] and partition. The court struck appellant's counterclaim for partition because "[t]he prayer for partition in the instant pleading was an irrelevancy, unsupported by averments which would constitute a cause of action. It was impertinent and properly the subject of a motion to strike." (Footnote omitted). Alternatively, the court reasoned that, assuming arguendo that the counterclaim for partition was properly pleaded, it could not be joined with plaintiff's cause of action because it did not arise from the same transaction and because it was barred by the Act of May 10, 1927.[2] See *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). Appellant contends that the court below should not have stricken

1. Appellant does not raise any claim with respect to the court's striking his cause of action for custody; and, in fact, has brought a separate petition for habeas corpus in the Domestic Relations Branch of the Family Court Division.

2. Act of May 10, 1927, P.L. 884, § 1 et seq.; 1949, May 17, P.L. 1394, § 1 et seq.; 68 P.S. § 501 et seq.

his counterclaim for partition, but, instead, should have granted him leave to amend.[3]

We must determine whether appellant's pleadings alleged sufficient facts to withstand a motion to strike his prayer for partition of the real estate owned by the entireties. Secondly, we must determine whether appellant may counterclaim under the Act of May 10, 1927, for partition to a complaint for specific performance of a property settlement agreement.

■ It is well-settled that a counterclaim must meet the same formal requirements as a complaint; it must contain in precise and summary form the material facts upon which the defendant relies to recover his counterclaim from the plaintiff; and must satisfy all the other requirements relating to a complaint, such as paragraphing and numbering. 10 Anderson, Pennsylvania Civil Practice § 1510 (1954); 4 Standard Pennsylvania Practice §§ 41–44 (1955). "[A]n allegation of damages or a prayer for damages which are not legally recoverable in the cause of action pleaded is impertinent matter in the sense that it is irrelevant to that cause of action. Thus, a preliminary objection in the nature of a motion to strike off impertinent matter would appear to be the appropriate means through which to challenge an erroneous prayer for damages." *Hudock v. Donegal Mutual Insurance Co.*, supra, 438 Pa. at 272–3, n. 2, 264 A.2d at

3. The appealability of the court's order striking appellant's counterclaim is governed by *Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 276, 264 A.2d 668, 671 (1970): "As a general rule, an order which sustains preliminary objections in the nature of a demurrer without dismissing the complaint or entering judgment or otherwise terminating the action between the parties is interlocutory and, therefore, lacks the requisite finality to be an appealable order. Where, however, the order does, in effect, terminate the action between the parties, or so restricts the pleader with respect to further amendment of his complaint as virtually to put him out of court on the cause of action he seeks to litigate, it is a definitive and final order and, thus, appealable. *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854 (1954); *Local No. 163, Int'l Union etc. v. Watkins*, 417 Pa. 120, 122, 207 A.2d 776 (1965)."

671 n. 2. Likewise, in equity a prayer for relief totally unsupported by factual averments in support of a litigant's cause of action may be stricken for lack of conformity to law or as impertinent. Rule 1501, Pa.R.C.P.; Rule 1017(b)(2), Pa.R.C.P.

The question, then, is whether appellant's prayer for partition is unsupported by properly pleaded facts such that a motion to strike would be properly granted. The Act of May 10, 1927, provides: "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ." A good cause of action, therefore, is stated if the pleadings aver that two parties who were husband and wife acquired certain described property as tenants by the entireties and that the parties have subsequently divorced. See also 14 Standard Pennsylvania Practice §§ 89–95 (1965). While better practice would dictate pleading that there are no other persons with an interest in described property, that the property is in the possession of the plaintiff and/or the defendant, and that there are no encumbrances or charges against the real estate, a complaint sufficiently states a cause of action if it contains the essential averments of fact required by the Act of May 10, 1927. See 14 Standard Pennsylvania Practice § 95 (1965).

In the instant case, appellant's responsive pleading admitted that the parties were once married and now divorced. It admitted the existence of a property settlement agreement, which was attached to appellee's complaint and which described the then married parties as joint owners of the property at 752 St. George

Road, Philadelphia. It alleged that the property settlement agreement was signed upon false representations of appellee's actual earnings.[4] It, therefore, prayed that the disposition of the property contained in the agreement be set aside and that the property be partitioned. Admittedly, these factual averments are not set out and organized in accordance with the Rules of Civil Procedure, but they are there. We hold, therefore, that, because the essential averments of fact required for an action in partition are contained within appellant's responsive pleading, his complaint is sufficient to withstand a motion to strike pursuant to Rule 1017(b)(2).

We must now decide whether appellant's counterclaim must be stricken because it may not be joined with an action for specific performance of a property settlement agreement. Preliminary objection may be filed to a counterclaim which improperly seeks to join two or more causes of action. Rule 1510, Pa.R.C.P., Rule 1509, Pa.R.C.P., Rule 1017(b)(5), Pa.R.C.P.[5] Rule

---

4. It is well-settled that separation agreements between husband and wife are valid and will be specifically enforced if they are entered into without fraud or coercion, are reasonable, and have been actually carried into effect in good faith. *Commonwealth ex rel. McClenen v. McClenen*, 127 Pa.Super. 471, 193 A. 83 (1937). See also 2 Freedman, Law of Marriage and Divorce in Pennsylvania § 441 (2d ed. 1957). It is a defense to an action on a separation agreement that one party was defrauded by the other or deprived by the other of information necessary to a fair and just decision on the question of its reasonableness. *Commonwealth ex rel. McClenen v. McClenen*, supra.

5. In *Brenner v. Sukenik*, supra, our Supreme Court suggested that, if a party wishes to object to a counterclaim because it is not germane to the original complaint, he should raise the objection by preliminary objection in the nature of a demurrer under Rule 1017(b)(4), Pa.R.C.P. This would produce an anomaly in that the operative effect of sustaining a demurrer is ordinarily to grant the preliminary objection with leave to the pleader to amend. An objection to a counterclaim because it is not germane is more analogous to an objection for misjoinder of causes of action. The operative effect of sustaining a preliminary objection for misjoinder under Rule 1017(b)(4), Pa.R.C.P., is to strike the cause of action without prejudice to the pleader's right to file a new and separate action. Because the Rules do not literally apply, we should not exalt form over substance and should consider the issue if raised by any timely preliminary objection.

1510(a) provides in relevant part: "A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose. . . ." See Goodrich-Amram, § 1510(a); *Brenner v. Sukenik*, 410 Pa. 324, 189 A.2d 246 (1963); *Schomaker v. Schomaker*, 247 Pa. 444, 93 A. 460 (1915).

In the instant case, appellee's claim for specific performance arose from the disputed property settlement agreement. Appellant sought a declaration that the agreement is void because it was fraudulently induced. Appellant's claim, therefore, clearly arises from the same transaction or occurrence. If the agreement is declared void, the disposition of the jointly-owned property contained in the agreement is likewise void and the property is properly the subject-matter of a partition action.

There are, however, special rules governing counterclaims involving partition actions. Section 3 of the Act of May 10, 1927, P.L. 884, as amended, 68 P.S. § 503 provides: "The proceeds of any sale had under the provisions of this act . . . *shall be equally divided* between the parties, subject however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties . . . and the amount of any liens entered of record against either of such parties . . . shall be deducted from the share of the party against whom such lien is filed . . . ." In *Lykiardopoulos v. Lykiardopoulos*, supra, appellant sought to set off child support, support for herself during the pendency of divorce proceedings, and money spent in acquiring and preserving the property against a partition action brought by her former husband. The court refused to allow any of these counterclaims: "At common law, property which was held in tenancy by the entireties during marriage remained entireties property even after a divorce. *O'Malley v.*

*O'Malley*, 272 Pa. 528, 532, 116 A. 500 (1922). The Act of May 10, 1927, as amended, which converts a tenancy by the entireties into a tenancy in common after a divorce and permits either party to partition the property, is in derogation of the common law and must be strictly construed. *Lazare v. Lazare*, 365 Pa. 591, 594, 76 A.2d 190 (1950). While the Act provides for the satisfaction of all recorded liens, there is no provision in the Act which will permit the appellant to charge her unliquidated and unrecorded support claims against the appellee's share of the proceeds. The statute provides for the payment of recorded liens out of the proceeds of the partition sale and they are the only charges permissible. See, e. g., *Leavy v. Leavy*, 16 D. & C.2d 698 (Lycoming C.P. Ct.1958); *Wilson v. Wilson*, 4 D. & C.2d 152, 153 (Phila. C.P.Ct.1955)." *Lykiardopoulos v. Lykiardopoulos*, supra, 453 Pa. at 294, 309 A.2d at 551.

The instant case is distinguishable from *Lykiardopoulos*. Appellant does not seek a set off against appellee's share of the real estate; he seeks an equal division of the property as required by the Act if the court determines that the property is not controlled by the property settlement agreement. The Act, therefore, does not bar appellant's counterclaim.

We hold, therefore, that appellant's responsive pleading states a proper counterclaim sufficient to withstand a motion to strike. However, we recognize that because appellant's claim was not set out in the form required by the Rules of Civil Procedure, it would be unfair to require that appellee plead to the counterclaim in its present form. Therefore, we would require that appellant be granted leave to amend his counterclaim to make it more definite and to conform it to the Rules governing the form of pleadings.

Order of the lower court is reversed insofar as it struck appellant's counterclaim in partition and leave

granted to appellant to amend his pleadings. In all other respects the order of the lower court is affirmed.

SPAETH, J., files a dissenting opinion in which JACOBS, J., joins.

SPAETH, Judge (dissenting):

I disagree on both points: I find no counterclaim for partition; and if I did, I should strike it as improper.

–1–

The "Counterclaim" consists of paragraphs 46 through 52. Paragraph 46 "incorporates by reference paragraphs 1 through 20 of the Answer and paragraphs 21 through 45 of New Matter as though same were fully set forth therein." Paragraphs 47 through 49 allege that appellee has in various ways not properly cared for the parties' children, and that she has denied appellant's "requested custody." Paragraphs 50 through 52 allege that appellee has in various ways "deceitfully and fraudulently" not complied with the separation agreement. There then follows this prayer:

WHEREFORE, defendant respectfully prays that the Honorable Court

1. Declare the agreement of September 21, 1971 null, void and terminated.

2. Award custody of the children to defendant.

3. Order partition of jointly owned real estate at 752 St. George's Road, Philadelphia, Pennsylvania.

When this prayer is read against the allegations preceding it, the following is apparent: Arguably, paragraphs 50 through 52 pertain to the prayer that the agreement be declared null and void, and paragraphs 47 through 49 to the prayer for custody. The only paragraph left as possibly pertaining to the prayer for parti-

tion is paragraph 46, but that does nothing except "incorporate by reference" the entire answer and new matter.

We hardly "exalt form over substance" when we require some slight recognition of the rule that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R. Civ.P. 1019(a), 1501. Here, appellant incorporates forty-five paragraphs into a forty-sixth. With respect to eight of the forty-five, the lower court properly sustained appellee's preliminary objection in the form of a motion for more specific pleading. The majority nevertheless holds that a cause of action in partition has been pleaded.

In my view, this is not a liberal application of the rules. Pa.R.Civ.P. 126. It is no application at all. Even in federal practice where notice pleading is the rule, a party is entitled to an allegation to which he may respond. Here, there is nothing to respond to. There is not a single reference to the real estate in the answer, and neither is there in the new matter, except for an oblique allusion in paragraph 44, which alleges that "[p]laintiff and defendant understood and agreed that one-half of the principal amortized by the mortgage payments made by defendant would be considered alimony payments to plaintiff." There is nothing except the prayer that the court "[o]rder partition of the jointly owned real estate at 752 St. George's Road, Philadelphia, Pennsylvania." One does not respond to a prayer, especially not to a prayer unsupported by a single allegation of fact. So far as any allegation of fact is concerned, it does not appear that the parties still own any real estate to be partitioned.

–2–

A counterclaim must arise "from the same transaction or occurrence or series of transactions or occurrences

from which the plaintiff's cause of action arose." Pa.R. Civ.P. 1510(a). The majority says that appellant's counterclaim

> clearly arises from the same transaction or occurrence. If the agreement is declared void, the disposition of the jointly-owned property contained in the agreement is likewise void and the property is properly the subject-matter of a partition action.
> At 365.

This reasoning represents a *non sequitur*. If A is true (agreement is void), then, to be sure, B may also be true (provisions in agreement concerning property are void). It does not follow, however, that A and B arise from the same transaction, as may be seen by changing the identification of B. If A is true (agreement is void), then B may also be true (provisions in agreement concerning custody of the children are void). I take it, however, that the majority agrees that the lower court properly held appellant's counterclaim for custody improper. Similarly, if A is true (agreement is void), then B may also be true (provisions in agreement concerning support of wife are void). I take it, however, that the majority would agree that if appellant had included in his counterclaim a claim regarding support, the counterclaim would be improper.

Nor does the majority cite any authority for its conclusion, undertaking only to distinguish *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). I submit, however, that that case is controlling. There, after a divorce, the former husband sued the former wife in partition, and the former wife counterclaimed for support for herself and her children. The court below ordered partition but held the counterclaim improper. Affirming, the Supreme Court said:

> Concerning the appellant's [the former wife's] claim for support for herself and her minor children, the

court below was correct in holding that these personal obligations of the appellee cannot be considered as part of the partition proceedings in this case.

*Id.* at 293, 309 A.2d at 551.

Not so closely in point but similar are *Brenner v. Sukenik,* 410 Pa. 324, 189 A.2d 246 (1963), and *Schomaker v. Schomaker,* 247 Pa. 444, 93 A. 460 (1915). In *Brenner* a wife sued in equity for support, and her husband counterclaimed for the termination of a joint savings account. Said the Court:

> Since the plaintiff's complaint was solely a cause of action for support, the counterclaim of the defendant regarding the true ownership of the savings account was not germane in that the wife-plaintiff could obtain support from the husband's property whether it was held by them as tenants by the entireties or whether the husband was the sole owner of the property . . . . [citation omitted].

*Brenner v. Sukenik, supra* at 329, 189 A.2d at 248–249.

In *Schomaker* a husband sued in equity to recover his separate property, and his wife counterclaimed (filed a "cross-bill") for a decree requiring her husband to keep an alleged agreement to pay her a fixed allowance as well as certain taxes on her real estate. The cross-bill was held to present " 'questions . . . entirely distinct from those presented in the original bill . . . .' " *Schomaker v. Schomaker, supra* at 448, 93 A. at 461.

So here. By her complaint appellee seeks to compel appellant to make various allegedly promised payments in support, or payments related to support (*e. g.,* for private school tuition, Blue Cross and Blue Shield, medical bills, and life insurance premiums); she makes no allegation nor prays for any relief with respect to any real

estate. These *in personam* claims are entirely distinct, and do not arise, from appellant's *in rem*, statutory, claim for partition.

The order of the lower court should be affirmed.

JACOBS, J., joins in this opinion.