## Hudec v. Hudec

*Henry A. Hudson*, for plaintiff.
*Gary Robert Fine*, for defendant.

MARKER, *J.*, January 28, 1981—This matter comes before this court en banc as the result of plaintiff, Joan L. (Frund) Hudec, filing preliminary objections to the new matter raised by defendant.

A brief history of the facts is warranted. Plaintiff and defendant were formerly husband and wife. During the pendency of their marriage they acquired certain real estate by the entireties as husband and wife, said real estate being the subject matter of the within litigation. Subsequent to the acquisition of the real estate, the parties were divorced on April 18, 1980. On April 23, 1980, plaintiff filed a complaint in equity requesting the partition of the real property of the parties. Defendant filed an answer with new matter alleging that defendant resides in the residence owned jointly by the parties with the minor children of the parties and that it would be in the best interest of the children for the court to stay the partition proceeding until such time as the last minor child of the parties has reached the age of 18 years.

Defendant in support of his preliminary objections has cited section 401(h) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §401, Act 1980-26. Section 401(h) states that a court may

award to one, each, or both of the parties the right to live in the family home for reasonable periods of time. However, the Divorce Code of 1980 and in particular section 401(h) is inapplicable to the case at hand in that the parties hereto were divorced prior to the enactment of said act. Section 103 of the Divorce Code of 1980 states:

"The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior to or subsequent to enactment of this act. The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act. This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modificaton thereto."

Review of the record at Number 7158 of 1979 in the Court of Common Pleas of Westmoreland County indicates that defendant did not request leave to reserve for future decisions rights under the Divorce Code of 1980 prior to the entry of the divorce. Therefore, the Divorce Code of 1980 is inapplicable in this situation.

Upon the entry of the decree in divorce regarding the parties, the subject entireties realty was converted to a tenancy in common: Act of May 10, 1927, P.L. 884, 68 P.S. 501 et seq. Further the

aforementioned act indicates that either spouse may bring an action in equity to the court of common pleas to have the property sold and proceeds divided between them in equal one-half shares after the entry of a decree in divorce: 68 P.S. §501. The precise issue before us has previously been decided by our court. In the matter of Cramer v. Cramer, filed at no. 11115 of 1978 in the Court of Common Pleas of Westmoreland County, the Honorable Gilfert M. Mihalich rendered the following opinion:

"The Court will consider first the Plaintiff's Preliminary Objections. Initially, plaintiff objects to Defendant's averments of residence of the children of their marriage contained in Paragraphs 10 and 21 of New Matter.

Defendant, in his New Matter, appears to take the position that where children occupy the residence, Plaintiff is precluded from seeking a partition of the real estate. Although a partition may pose a hardship on the children, the laws of this Commonwealth do not consider their residence as having any effect on Plaintiff's cause of action. Rather, a good cause of action in partition is stated if the pleadings aver that the two parties who were husband and wife acquired certain property as tenants by the entireties and that the parties have subsequently divorced. Olivieri v. Olivieri, _____ Pa. Super. _____, 364 A. 2d 361, 364 (1976).

The averments of the residence of the children of this marriage is not a material fact of the action in partition. Therefore, the Plaintiff's Preliminary Objections in the nature of a Motion to Strike Paragraphs 10 and 21 of New Matter filed by the Defendant are granted and affirmed."

Plaintiff in the within matter has requested the court to strike paragraphs 13 and 14 of the new

matter raised by defendant or, alternatively, that the same should be dismissed because the court in this matter does not have jurisdiction to consider the matters raised in these paragraphs in the within partition action. The court is in agreement with the position taken by plaintiff.

Therefore, the following order is hereby entered.

## ORDER

And now, January 28, 1981, it is hereby ordered, adjudged and decreed that the preliminary objections of plaintiff are sustained. Paragraphs 13 and 14 of the new matter filed by defendant are hereby stricken.