442 A.2d 778

## James B. WINPENNY, III

### v.

## Carol M. WINPENNY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1980.

Filed March 5, 1982.

300

Carol M. Winpenny, appellant, in pro. per.

Bernard Berman, Media, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This appeal by Carol Winpenny, who appeared before this court pro se, is from the interlocutory order of May 16, 1979, denying exceptions filed to the order of April 12, 1977 and February 5, 1979, wherein partition of real estate at Six Prince Edward Lane, Middletown Township, Delaware County, Pennsylvania, was granted and partition of any additional property was denied. This is an interlocutory appeal as of right. Pa.R.A.P. 311(a)(6).[1]

The parties were married on September 20, 1958. On January 2, 1962, they purchased and became tenants by the entireties of real estate located at Six Prince Edward Lane, Middletown Township, Delaware County, Pennsylvania. The parties were divorced by Final Decree in Divorce A.O.M. granted to James B. Winpenny on February 19, 1975 by the Court of Common Pleas of Delaware County. We affirmed that decision. *Winpenny v. Winpenny*, 234 Pa.Super. 725, 342 A.2d 426 (1975), allocatur refused.

Carol Winpenny presents several questions in this appeal. First, she asserts that her husband should not be permitted to benefit from perjured testimony. Second, she argues that her request for a change of venue should have been granted.

1. The decree and order of the trial court which ordered partition of the real property and denied partition of all other properties described in Carol Winpenny's counterclaim and amended counterclaim was filed on February 13, 1979. Exceptions to that order were filed on February 23, 1979. On April 22, 1979, Pa.R.A.P. 311(a)(6), (Pa.Bull. 3637) became effective, providing that an appeal as of right existed from an interlocutory order directing partition. The trial court dismissed the exceptions filed by Carol Winpenny in its order of May 16, 1979. The trial court correctly described this order as interlocutory. Notice of appeal to the Superior Court was not filed until June 13, 1979. The exceptions and notice of appeal were properly filed according to the time constraints found in Pa.R.C.P. 1557. We hold that this appeal from an interlocutory order is one of right and therefore we address the merits of the case herein.

Third, she challenges the propriety of the decision of the trial court as to what property was to be considered entireties property and how that property was to be divided.

James Winpenny's complaint for partition was filed pursuant to the Act of 1927, May 10, P.L. 884, as amended, 1949, May 17, P.L. 1394, § 1, 68 P.S. § 501 which provides:

> Whenever any husband and wife, hereafter acquiring property as tenants by entireties shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the Court of Common Pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them.

■ First, we note that the issue of James B. Winpenny's perjured testimony has already been resolved by the court below, *Winpenny v. Winpenny*, 62 Del.Co.R. 360 (1975), which we affirmed at 234 Pa.Super. 725, 342 A.2d 426 (1975), allocatur refused. Our decision therein is res judicata. *Lebeau v. Lebeau*, 258 Pa.Super. 519, 393 A.2d 480 (1978). Thus, we need not discuss this issue any further.

■ Second, Carol Winpenny asserts that the trial court erred in refusing her request for a change of venue. It is clear that venue was in Delaware County pursuant to 68 P.S. § 501. The contested property was located in Delaware County. However, Carol Winpenny raised a preliminary objection to venue in the form of a petition to change venue. Pa.R.C.P. 1509(a), 1017(b)(1), 1006(e). We have held that a decision of a trial court concerning a request for a change in venue is within the discretion of that court. *Pennsylvania Power & Light v. Gulf Oil Corporation*, 270 Pa.Super. 514, 411 A.2d 1203 (1979), allocatur refused, cert. denied, 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980).

■ Our General Assembly has provided some guidelines as to when a request for a change of venue should be granted in 12 P.S. § 111 (repealed and replaced by 42 Pa.C.S.A. § 5106). It provides that a trial court may grant a change of venue when:

§ 111. Change of venue for interest or prejudice

Changes of venue shall be made in any civil cause, in law or in equity, depending in any of the courts of this Commonwealth, in the cases following; namely,—

First. Whenever the judge, who by law is required to try or hear the same, shall be personally interested in the event of such cause, or in the question to be determined thereby.

Second. Whenever the title under which the parties, or either of them, claim, in any such cause, shall have been derived from or through such judge, and he shall be liable thereunder, or whenever he shall hold under the same title with either of the parties in the said cause.

Third. Whenever any near relative of such judge shall be a party to any such cause, or interested in the event thereof, unless the judge so interested shall select another judge, learned in the law, not so related, to hear and determine the same.

Fourth. Whenever the county in which such cause is pending, or any municipality therein, or the officials of any such county or municipality, are parties thereto, and it shall appear to the court that local prejudice exists and that a fair trial cannot be had in such county.

Fifth. Whenever a large number of the inhabitants of the county, in which cause is pending, have an interest in the question involved therein, adverse to the applicant, and it shall appear to the court that he cannot have a fair and impartial trial. 1875, March

Carol Winpenny raised 94 separate reasons why a change of venue should be ordered. Her allegations complained among other matters, about the police, mental health officials, county personnel, county officials, the Commonwealth Department of Public Welfare, the Office of the Attorney General of Pennsylvania, the Governor of Pennsylvania, and among others, members of the Court of Common Pleas of Delaware County. However, no claim of prejudice was leveled at the judge presiding in the lower court in the instant case. Our review of the entire record in this case

leads us to conclude that although Carol Winpenny asserts that she has had difficulty in her dealings with numerous persons in Delaware County that she has not presented facts which would require us to conclude that the trial court abused its discretion in dismissing Carol Winpenny's petition for a change of venue.

■ Third, Ms. Winpenny argues that the trial court erred in its decision as to what property constituted entireties property and therefore the trial court erred as to how that property should be divided. A master's hearing was held to determine what property, if any other than real property already ordered partitioned, should be partitioned. Initially, we note that our scope of review is limited. We will only reverse the trial court if its findings are not supported by sufficient evidence or when the court committed an error of law. *Livingston v. Livingston*, 288 Pa.Super. 22, 430 A.2d 1193 (1981).

Carol Winpenny, as the proponent claiming the existence of these unpartitioned properties of the entireties had the burden of proving what properties were subject to partition. A good cause of action if stated by the counterclaiming party avers that the properties were owned by him and his former wife as tenants by the entireties and that he and his former wife are divorced. *Olivieri v. Olivieri*, 242 Pa.Super. 457, 364 A.2d 361 (1976). Carol Winpenny asserted in her counterclaim that the property which should have been partitioned included:

1. Stocks and bonds
2. Insurance Policies
3. Household furnishings
4. Funds held in trust by First Pennsylvania Bank
5. James Winpenny's Earning Capacity
6. Pensions
7. Hidden Assets

■ The trial court concluded that Carol Winpenny had not proved that the insurance policies, and stocks and bonds were owned by the parties by the entireties prior to their

306

divorce. The only proof was that they were purchased by James Winpenny at an early date in their marriage and sold before the divorce occurred. Carol Winpenny testified at the master's hearing:

Q. The General Electric stock and United States Bonds were purchased in the name of James Winpenny. They were not in your name?

A. Yeah, but I didn't know it at the time.

.   .   .   .   .

Q. At this time do you even know if the stocks and bonds still exist?

A. I know that he sold the bonds after he promised he would not.

Q. And this was in 1969?

A. Yes.

Then testimony was missed by the stenographer.

A. No, he sold them in '64 or '65 when I was in the hospital. I still have the certificates (referring to G. E. stock). If you can sell it without the certificate, you bet he has, but if you can't he hasn't.

Q. You don't know for sure whether he has sold the General Electric stock?

A. Well, they can't be sold without the certificate, but he had duplicate certificates, I don't know what he's done. If you tell him, he'll sell them.

Thus, Carol Winpenny stated the bonds were sold before the divorce and indicated that she did not know whether the stocks had been sold. Under the circumstances, we are unwilling to disturb the master's findings that the stocks and bonds were entireties property subject to partition.

█ James Winpenny owned three life insurance policies which he acquired prior to the marriage. Carol Winpenny testified that these policies were all acquired by her husband and were in his name only. Furthermore, the record does not support a finding that the policies existed at the time of the divorce and even if it did there is no evidence that the policies were ever transferred into entireties property. *Hengst v. Hengst*, 491 Pa. 120, 420 A.2d 370 (1980).

■ As to household furniture, the record indicates that James Winpenny possesses some of the furnishings presently, but that Carol retained possession of most of the household items. Thus, we are satisfied that the parties have already affected a partition of these goods. Cf. *DeLuca v. DeLuca*, 388 Pa. 167, 130 A.2d 179 (1967); *Fascione v. Fascione*, 272 Pa.Super. 530, 416 A.2d 1023 (1979). Accordingly, we find no basis upon which to grant Ms. Winpenny's request that her husband be ordered to pay her for use of the furnishings.

■ The trial court discussed the issue involving the partition of trusts owned by James Winpenny in its opinion as follows:

As to her alleged entireties' interest in certain funds in a spendthrift trust for the sole benefit of the Plaintiff Defendant has acknowledged that: the trust was created when the Plaintiff was a little boy; it is not subject to alienation by Plaintiff until the funds are actually received by him; Defendant has previously filed sworn Complaints in Assumpsit and in Equity in this County in which she has alleged that the Trust belongs solely to Plaintiff, and has conducted extensive litigation in this County and on appeal under the same premise. Against this, Defendant testified that Plaintiff promised to alienate his interest in the Trust in consideration for Defendant's promise to remain married to him. If this promise was ever made, it would have occurred during the period of the parties' marriage when husband's cause of action in divorce was accruing. We find that Plaintiff's testimony as to this promise is not believable. Furthermore, even if the promise were made, a promise to remain married can only be valuable consideration if the promisor had a just cause for divorce. *Young v. Cockman*, [182 Md. 246], 34 A.2d 428. In the instant matter, the alleged promise to remain married could not be considered valuable consideration inasmuch as it has already been ruled by the Court of Common Pleas of Delaware County and by the Superior Court of Pennsylvania that Plaintiff only, not Defendant, had a cause of action for divorce.

Neither does Defendant's testimony show receipt of an interest in Plaintiff's trust by way of a gift. To establish a gift inter vivos, two essential elements must be met: "an intention to make the donation then and there, and an actual constructive delivery at the same time of an [sic] nature sufficient to divest the giver of dominion and invest the recipient therewith." ... In the instant matter, however, Plaintiff had no ability to alienate the spendthrift trust, never delivered the trust funds to Defendant and never executed or delivered to Defendant any trust documents.

This result is dictated by the decision of our Supreme Court in *Hengst v. Hengst,* supra. The trusts were created for James Winpenny. During the marriage there is no evidence that the trusts were treated during the marriage as property of both the husband and wife. Thus, no tenancy by the entireties was created.

There was created also no tenancy by the entireties as the result of a gift. In *Yohe v. Yohe,* 466 Pa. 405, 409, 410–411, 353 A.2d 417, 420 (1976), our Supreme Court held that where "a husband purchases real or personal property with his own funds and ... transferred such property to his wife without consideration, there is a factual presumption that a gift was intended...." quoting from *Lapayowker v. Lincoln College Preparatory School,* 386 Pa. 167, 171, 125 A.2d 451, 454 (1956). Here, the trust was obtained for the husband, he does not have the right to alienate the trust and no evidence appears on the record indicating the existence of an intention to transfer such property to his wife.

■ Carol Winpenny claims that the earning capacity of her husband became entireties property and should therefore be partitioned. She states that she and her family helped in substantial part for her husband to obtain a college degree and that as a result of that degree his earning capacity was increased. Furthermore, he asserts his earning capacity was greatly enhanced by her performance of domestic responsibilities in the household. We need not discuss the law in this regard. We are satisfied that the contribution made by

Carol Winpenny to her husband's education was not sufficient to entitle her to any of her husband's future earnings via a partition order. *Olivieri v. Olivieri*, supra. Therefore, we make no determination herein concerning the merits of Carol Winpenny's argument that James Winpenny's earning capacity became entireties property which is subject to partition. See *Stern v. Stern*, 66 N.J. 340, 331 A.2d 257 (1975); Krauskopf, 28 Kan.L.Rev. 379 (1980). Thus, we cannot hold, as Ms. Winpenny argues we should, that she should have received an accounting for her husband's earnings.

■ Finally, we are unable to find any facts in the record to support Carol Winpenny's claim of a right to partition of James Winpenny's pension or social security. There is also no evidence to support her contention regarding the existence of hidden assets. Accordingly, Carol Winpenny's asserted interests in this property finds no support in the record. We will not disturb the trial court's decision under these circumstances. *Olivieri v. Olivieri*, supra. No accounting shall be ordered.

The order of the trial court is affirmed and the case is remanded for further proceedings under Pa.R.C.P. 1551 et seq.