643 A.2d 677

James **WINPENNY, III**

v.

**Carol WINPENNY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1994.

Filed April 26, 1994.

Reargument Denied June 28, 1994.

Carol Winpenny, Pro Se.

William E. Jones, Abington, for participating party.

Before CIRILLO, BECK and JOHNSON, JJ.

CIRILLO, Judge:

Carol Winpenny (Appellant) appeals from an order entered in the Court of Common Pleas of Delaware County approving the Schedule of Distribution, Costs and Master's Fees for property sold pursuant to a partition order of the Court of Common Pleas, as part of a long-standing divorce proceeding. We affirm in part and remand in part for assessment of costs.

On April 13, 1977, Partition of 6 Prince Edward Lane, Middletown Township, Delaware County, Pennsylvania, was directed by the Court of Common Pleas of Delaware County as part of the divorce settlement of Carol and James Winpenny, III (James). Appellant appealed the partition order. The order was affirmed by this court, *Winpenny v. Winpenny,* 296 Pa.Super. 299, 442 A.2d 778 (1982), and the Pennsylvania Supreme Court denied Appellant's petition for allocatur. 10–15–82, No. 192 E.D.Allocatur Docket 1982. A petition for rehearing by this court was denied.

On March 28, 1983, an order was entered by the Court of Common Pleas of Delaware County, appointing Howard S. Klein, Esquire, as Master in Partition to conduct a sale of the property. This order was appealed by Appellant and affirmed by this court. The Pennsylvania Supreme Court denied Appellant's petition to appeal.

On April 7, 1986, after disposition of the appeals related to the March 28, 1983 order, Appellant moved the Court of Common Pleas of Delaware County for reconsideration of the order. Reconsideration was denied and the orders of April 14, 1977 and March 28, 1983 were directed for enforcement.

On March 7, 1984, Appellant submitted a bid on James' share of the property. This bid was subject to the condition that "only [half] the costs of the partition case, and [half] of the taxes liened (sic) on said property and [half] of the sewer rent liened (sic) on said property shall be paid in cash ... towards satisfaction of [the] judgment Carol liens (sic) against James, recorded in Delaware County." R.R. at 35. This bid was rejected by the Master in Partition due to the conditions attached.

On May 11, 1987, a bid approximating fair market value was submitted by Thomas D. Conley to purchase the property. This bid was accepted and the trial court approved the agreement of sale on February 9, 1988. Post-trial motions by Appellant were denied and she appealed to this court. In a memorandum decision dated November 8, 1989 (No. 3335 PHL 1988), this court addressed the merits of Appellant's claims and affirmed the trial court's order. The Supreme Court of Pennsylvania denied Appellant's petition for appeal.

Thomas D. Conley petitioned the trial court to direct compliance and enforcement of the February 8, 1988 order. James joined Mr. Conley in this petition. After notice and oral argument, the trial court entered an order dated September 18, 1990 to enforce the sale to Mr. Conley. Appellant subsequently appealed the enforcement order to this court. This court affirmed the trial court's order (No. 2819 PHL 1990), and Appellant petitioned the Supreme Court of Pennsylvania for appeal.

The Master in Partition filed a Motion for Approval of Distribution, Costs, and Master's Fees for the sale on the property and a rule was entered on May 29, 1992. Appellant filed three motions to quash the rule, all of which were denied. Meanwhile, the Supreme Court of Pennsylvania, on July 16, 1992, denied Appellant's appeal of the September 18, 1990 order. Following a hearing on the matter, the trial court entered an order approving the sale. Appellant appeals this order and raises the following issue:

Whether it was proper for the trial court to order the approval of Partition Master's motion, scheduling distribution of the proceeds from the sale of the property, while an allocatur petition was before the Supreme Court of Pennsylvania on a disparate issue?

The standard of review in such cases is whether an abuse of discretion was committed by the trial court. *Johnson v. Johnson,* 365 Pa.Super. 409, 411, 529 A.2d 1123, 1124 (1987) (citing *Diamond v. Diamond,* 360 Pa.Super. 101, 105, 519 A.2d 1012, 1014 (1987)) (further citations omitted). An abuse of discretion will be found "if the trial court failed to follow proper legal procedure or misapplied the law." *Braderman v. Braderman,* 339 Pa.Super. 185, 190, 488 A.2d 613, 615 (1985) (citing *Banks v. Banks,* 275 Pa.Super. 439, 418 A.2d 1370 (1980)).

Except for appeals from decisions of the Commonwealth Court and direct appeals allowed under 42 Pa.C.S. § 722, petitions to the Supreme Court of Pennsylvania are by permission, not by right. 42 Pa.C.S. § 724; Pa.R.A.P. 1114. Failure to grant such review means that the decision of the Superior Court stands as law. In addition, a petition to the Supreme Court for allowance of an appeal does not have the effect of staying the trial court proceedings. Pa.R.A.P. 1313.

Furthermore, as is clear from the foregoing discussion of the procedural history of this case, the issues gleaned from Appellant's brief have been before this court on no less than five previous occasions and before the Supreme Court of this state on at least four prior occasions. Re-evaluation is improper and pointless.

Appellant's difficulties in this matter stem from a misunderstanding of court procedure and, in particular, the duties and responsibilities of a court-appointed Master in Partition. While it is by no means a requirement that persons who appear before the courts of this Commonwealth be skilled in the law, the interpretation of its statutes, rules, and regulations is not arbitrary, and requires practice. By the same token, the court system could not and would not be managea-

ble without some reliance on the acquired expertise of practitioners in its processes as dictated by procedural rules. It is true that certain areas of the law can be most complex and tedious, however, others require no more than mere common sense and patience to comprehend.

Although Appellant may have been exposed to more courts through her filings than many experienced attorneys, she has failed to garner any understanding of the importance of procedure and the effect of judgments. Had she paid heed to any of the numerous opinions rendered in this case, she may have realized that the appellate court system exists to review genuine allegations of error committed by the trial courts. A mere mimicry of the buzzwords intended to invoke the operation of justice does not entitle a party to instant relief.

Abuse of the court system, whether by seasoned attorneys or by *pro se* parties, cannot be tolerated. The principals of "law of the case"[1] and *res judicata*[2] exist to provide finality of litigation in order to prevent situations, such as the one before us from occurring. *See Banker v. Valley Forge Ins. Co.*, 401 Pa.Super. 367, 374, 585 A.2d 504, 508 (1991). A party must raise all matters related to an issue at the first opportunity or be forever barred from raising them again. *Id.* Even giving the highest consideration to the *pro se* party, there can be no doubt from the record that Appellant has had every opportunity for appropriate hearings on the various points of which she now complains.[3] There is also no

1. The doctrine states that issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered on a second appeal. *Commonwealth v. Tick, Inc.*, 431 Pa. 420, 427, 246 A.2d 424, 427 (1968).

2. This Court, in an unpublished opinion dated December 14, 1990, has already determined that Mr. Conley is a "successor" party to this matter, thus precluding the possibility that adjudication was not made with identical parties to the proceeding.

3. Carol's contentions of no adjudication with respect to her bid have been specifically addressed by the Superior Court in *Winpenny v. Winpenny*, No. 88–3335, slip op. at 3–4 (Pa.Super. Nov. 8, 1989). In addition, the record includes at least five transcripts of hearings held by the trial court on these various issues.

basis for Appellant's proposition that the numerous adjudications were made with the intent to deny her of her rights.

Avenues exist to assist a litigant who does not have the resources to retain counsel. Although Appellant may have had unpleasant experiences with a prior attempt at gaining legal assistance, it is not clear whether all her current routes to such assistance have been exhausted. Rather than continuing to face denial of her claims, we suggest that Appellant explore these opportunities before commencing any further litigation.

■■■■ To further encourage Appellant's more prudent use of the legal system, we are assessing costs against her. Under Pennsylvania Rule of Appellate Procedure 2744,

[A]n appellate court may award as further costs, damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay . . . ,

if it determines that an appeal is frivolous. . . . The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. An appeal is not frivolous simply because it lacks merit. *Marino by Marino v. Marino,* 411 Pa.Super. 424, 601 A.2d 1240 (1992). A claim is frivolous, however, if it has no basis in law or fact. *Id.* As stated above, we find the Appellant's claim to lack such foundation. Allowing Appellant to continue to utilize the courts to pursue fruitless claims at the expense of not only the opponents specifically, but also the public, will not be tolerated. Accordingly, we remand for a hearing to determine appropriate costs to be paid by Appellant. *See Patel v. W.C.A.B. (Saquoit Fibers Co.),* 103 Pa. Commw. 290, 293, 520 A.2d 525, 526 (1987) (citing *Appeal of Richard Michael George,* 101 Pa.Commw. 241, 515 A.2d 1047 (1986)).

Order affirmed in part and remanded in part for a hearing and assessment of costs. Jurisdiction relinquished.

BECK, J., concurs in the result.

JOHNSON, J., files a concurring and dissenting statement.

JOHNSON, Judge, concurring and dissenting:

I concur in so much of the Opinion of my distinguished colleagues as affirms the order of May 13, 1993, approving the schedule of distribution upon partition.

I must respectfully dissent from that portion of the Opinion which would award costs against Carol Winpenny, Appellant. The former husband, James B. Winpenny, III, did not participate on this appeal. The responding appellee, Thomas D. Conley, has submitted a brief composed of seven pages. There has been no application for further costs and damages, as contemplated by Pa.R.A.P. 2751. I would refrain from considering further costs and damages, as permitted under Pa.R.A.P. 2744, without some request being made by one of the parties.