J-A26025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GLORIA TOLULOPE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAINFOREST PROPERTY III LLC AND | : | No. 266 EDA 2023 |
| LIU YONG JIN | : | |

Appeal from the Order Entered January 12, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221101284

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 15, 2024**

Gloria Tolulope appeals *pro se* from court's order sustaining the preliminary objection of Rainforest Property III LLC and Liu Yong Jin ("Rainforest Property") and dismissing her complaint with prejudice on res judicata grounds. We affirm.

In March 2022, Rainforest Property, as landlord, entered into an "as-is" five-year commercial lease agreement with Solomon Ogunsola, as tenant. Ogunsola intended to use the property to open a restaurant. Subsequently, Rainforest Property filed a landlord/tenant action in Municipal Court against Ogunsola for nonpayment of rent. Ogunsola filed a counterclaim alleging, in full, the following:

> [Ogunsola] entered into a 5[-]year lease agreement with [Rainforest Property] on April 2nd, 2022 for the property at 6142 Lansdowne Ave[. ,] Philadelphia, Pa[,] 19151. [Ogunsola] is suing for all repairs to the property because [Ogunsola] claims

[Rainforest Property] is in violation of a series of maintenance codes in Philadelphia. [Ogunsola] also believes that the original complaint says that the landlord claimed to have rented h[im] an Airbnb. [Ogunsola] will then continue the case to [t]he Court of Common Pleas to sue for the additional work that is needed for the property since it is claimed to be unhabitual [sic]. [Ogunsola] has attempted to settle this matter to no avail. [Ogunsola] is now seeking a judgment in the amount of $12,000.00 plus court costs.

Rainforest Property III LLC's Motion to Strike the Appeal from Municipal Court, filed Dec. 15, 2022, at Exh. A, Counterclaim. In September 2022, Ogunsola's wife, Tolulope, was granted permission to intervene in the matter and was added as a defendant.

Following a trial in Municipal Court on October 12, 2022, the court found in favor of Ogunsola and Tolulope on Rainforest Property's claim for unpaid rent, but in favor of Rainforest Property on the counterclaim. Neither party filed an appeal from the Municipal Court.

In November 2022, Tolulope filed a new action against Rainforest Property in the Court of Common Pleas.[1] Tolulope alleged that Rainforest Property breached the lease of the property because "all cooking fixtures . . . listed on the lease were defective and PGW refused to turn the gas on." **See** Complaint, filed 11/14/22, at 2 (unpaginated). Tolulope further alleged that Rainforest Property "removed the Chinese oven and fryer and never replaced them" and failed to fix 20 open Licenses and Inspections violations. **Id.** Tolulope maintained that Rainforest Property fraudulently misled her to believe that the equipment at the property was functional and "tricked us to

_____

[1] Tolulope's complaint did not include Ogunsola as a plaintiff.

sign the lease agreement to our disadvantage." *Id.* The complaint sought "monetary compensation for the intended five-year projected income[,]" including lost profits in the amount of $417,625.22. *Id.* at 4 (unpaginated).

Rainforest Property filed a motion to dismiss the complaint alleging the action was barred by res judicata. The court treated the motion as a preliminary objection. *See* Trial Court Rule 1925(a) Opinion, filed 4/24/23, at 3 (unpaginated). By order dated January 12, 2023, the trial court sustained Rainforest Property's preliminary objection and dismissed the complaint with prejudice. The court found "the issues raised by [Tolulope] in this lawsuit could have been raised by a counterclaim in the Municipal Court action but were not[.]" Order, dated 1/12/23. Tolulope filed a timely notice of appeal. The court ordered her to file a Rule 1925(b) statement. Tolulope complied and raised the following issues in her Rule 1925(b) statement:

1. With respect to the [c]ourt's [o]rder dated January 12, 2023, the counter[claim] on August 15, 2022, was for cost of repairs and maintenance, attached hereto as Exhibit "A".

2. The Post-Trial events, additional repair costs, rent expense, subsequent illegal evictions, court summons by Rainforest Property III LLC and open violations that make[] the building unsafe, were unforeseeable at the trial of LT-22-07-08-3415; to have sought restitution, as attached hereto as Exhibit "B".

3. The [c]ourt erred as matter of law when it found that the issues raised by [Tolulope] could have been raised by a counterclaim in the Municipal Court action because such items were not known at the time and also exceeded the jurisdictional limits of Municipal Court.

Tolulope's Pa.R.A.P. 1925(b) Statement, filed 2/3/23, at 1-2.

Tolulope argues that res judicata should not apply. She contends that this case is separate and distinct from the prior case in Municipal Court because the current case involves the fraud perpetrated by Rainforest Property and seeks lost profits from the restaurant that she was unable to run due to the property's inhabitable conditions and broken equipment. Tolulope's Br. at 10-11. Tolulope argues that "[b]ased upon [Rainforest Property's] fraudulent representations, [Tolulope] entered into a [l]ease for the [p]roperty, spent considerable time and money to update the [p]roperty, and was never able to open [her] restaurant." *Id.* Tolulope maintains that the prior case in Municipal Court was only about rent and repair costs, while the current case seeks lost profits due to Rainforest Property's fraudulent misrepresentations about the conditions of the property. *Id.* at 11. Tolulope argues that although the instant case "involve[s] the same parties and the same [p]roperty, [Tolulope] sued for a different set of damages and under a different cause of action." *Id.* at 13. Tolulope concludes that "this case for lost profits is separate and distinct from the prior case involving unpaid rent and repairs" and Rainforest Property should be liable for the amount of damages it caused to Tolulope. *Id.* at 14-15.

We initially observe that Tolulope's brief does not contain a statement of the questions involved, in violation of Pa.R.A.P. 2116(a). However, Tolulope preserved the issue of whether the court erred when it dismissed her complaint on res judicata grounds in her Rule 1925(b) statement, the trial court addressed the issue in its Rule 1925(a) Opinion, and Tolulope provided

argument on the issue in her brief. Accordingly, because our appellate review is not impeded, we decline to find waiver. ***See Savoy v. Savoy***, 641 A.2d 596, 598 (Pa.Super. 1994).[2]

In reviewing an order sustaining preliminary objections, we must determine whether the trial court committed an error of law. ***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa.Super. 2011). "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." ***Id.*** (citation omitted). When ruling on preliminary objections, "all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." ***Estate of Denmark ex rel. Hurst v. Williams***, 117 A.3d 300, 305 (Pa.Super. 2015) (citation omitted). Preliminary objections should be sustained "only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." ***Feingold***, 15 A.3d at 941 (citation omitted).

Here, the trial court found that the issues raised in Tolulope's current complaint were the same as those she asserted in her Municipal Court counterclaim, in that "[t]he cause of action is identical, the factual bases for the claim are identical, the parties are identical, and the capacity of the parties

---

[2] However, we find waiver on Tolulope's final claim in her Rule 1925(b) statement that she was prevented from raising her full claim for damages in Municipal Court because the amount exceeded the jurisdictional limits. Tolulope failed to provide any argument on this issue in her appellate brief. This abandoned claim is therefore waived. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) (stating "undeveloped claims are waived and unreviewable on appeal").

to sue is identical." Rule 1925(a) Op. at 4 (unpaginated). The court determined that the face of Tolulope's Municipal Court counterclaim showed that Tolulope was aware of her damages at the time of the counterclaim. ***Id.*** at 5 (unpaginated). The court concluded that res judicata barred Tolulope from bringing a new claim for the same damages. ***Id.***

Res judicata "prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." ***Wilkes v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 376 (Pa. 2006). "For res judicata to apply, there must be a concurrence of four identities: (1) identity of issues; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." ***Khalil v. Travelers Indemnity Company of America***, 273 A.3d 1211, 1223 (Pa.Super. 2022). "In determining whether res judicata should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." ***Hopewell Estates, Inc. v. Kent***, 646 A.2d 1192, 1194–95 (Pa.Super. 1994). Further, "[a] party must raise all matters related to an issue at first opportunity or be forever barred from raising them again." ***Winpenny v. Winpenny***, 643 A.2d 677, 679 (Pa.Super. 1994). "It makes no difference if that party was *pro se*." ***Khalil***, 273 A.3d at 1224 (citing ***Winpenny***, 643 A.2d at 679).

The court did not err in dismissing the complaint. In both actions, the parties and factual allegations are the same. Further, Tolulope's claim that Rainforest Property is liable for her restaurant's lost profits due to alleged fraudulent misrepresentations made by Rainforest Property could have been raised in the prior Municipal Court action. Indeed, this information was known at the time of the Municipal Court action and stems from the same events. Since Tolulope could have raised a claim for fraud and sought damages for lost profits in the Municipal Court action, the court did not err in finding res judicia applied.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/15/2024