# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

IN RE: CHARLES ALEXANDER, PRO SE, : No. 49 MM 2025
AND CARRIS KOCHER, PRO SE, :
GREGORY STENSTROM, PRO SE, AND :
JOHN PROCTOR CHILD, :
 :
 :
Petitioners :
 :
 :
 :
v. :
 :
 :
 :
DELAWARE COUNTY BOARD OF :
ELECTIONS, ET AL., :
 :
Respondents :

## ORDER

**PER CURIAM**

     **AND NOW**, this 20th day of May, 2025, the Emergency Application for Reconsideration is **DENIED**.

     Applicant Gregory Stenstrom is **ORDERED** to refrain from presenting to this Court any further filings at or otherwise concerning this Miscellaneous Docket matter. *See Alexander v. Delaware Cty. Bd. of Elections*, ___ A.3d ___, 2025 WL 1257477, at *2 n.4 (Pa. 2025) (*per curiam*) (advising applicant that "[f]urther frivolous filings with this Court may result in filing restrictions or other sanctions"); *see also Coulter v. Lindsay*, 159 A.3d 947, 956 (Pa. Super. 2017) (*per curiam*) ("the extraordinary measure of issuing a filing injunction at the appellate level" is justified when a *pro se* litigant engages in frivolous or vexatious conduct); *Winpenny v. Winpenny*, 643 A.2d 677, 679 (Pa. Super. 1994) ("Abuse of the court system, whether by seasoned attorneys or by *pro se* parties, cannot be tolerated."). Violations of this Order may result in further action by this Court, including

the imposition of sanctions. *Cf.* Pa.R.A.P. 3305 (in delineating the Prothonotary's authority, recognizing this Court's power to impose sanctions for failure to comply with the Rules of Appellate Procedure); Pa.R.A.P. 2744 ("an appellate court may award as further costs damages as may be just . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious").

The Prothonotary is **DIRECTED** to refuse any further submissions from applicant at or otherwise concerning this Miscellaneous Docket matter.