**James WINPENNY, III, Appellee**

v.

**Carol WINPENNY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 28, 2001.

Filed April 25, 2001.

Reargument Denied June 27, 2001.

Carol Winpenny, appellant, pro se.

Bernard M. Berman, Media, for appellee.

Before STEVENS, MUSMANNO and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Carol M. Winpenny, *pro se*, appeals the July 31, 2000 Order deny-ing her petition to strike the $36,000 judgment entered in favor of appellee, James B. Winpenny, III.

■ ¶ 2 Twenty-five years ago, in 1976, appellee initiated a partition action for the sale of property located in Delaware County, held by the entireties pursuant to the parties' divorce settlement. On April 13, 1977, the trial court entered an Order for partition, which was affirmed by this Court on direct appeal. *Winpenny v. Winpenny*, 296 Pa.Super. 299, 442 A.2d 778 (1982), *appeal denied*, No. 192 E.D. 1982 (Pa. filed April 5, 1982) (*Winpenny I*). After appellant filed numerous petitions from various Orders of the court, which delayed the proceedings for over ten years, an agreement of sale for $65,000 was accepted and approved by the trial court. On direct appeal to this Court, we addressed the merits of appellant's contentions and affirmed the agreement of sale for the property. *Winpenny v. Winpenny*, 396 Pa.Super. 664, 570 A.2d 1095 (1989), *appeal denied*, 526 Pa. 650, 585 A.2d 469 (1990) (*Winpenny II*). Following a number of motions by appellant, the court entered an Order enforcing the sale, which was affirmed by this Court on direct appeal. *Winpenny v. Winpenny*, 417 Pa.Super. 662, 603 A.2d 1086 (1991), *appeal denied*, 531 Pa. 641, 611 A.2d 713 (1992) (*Winpenny III*). Thereafter, the court approved the distribution of the proceeds of the sale. On direct appeal, this Court found appellant's issues previously litigated and frivolous and, thus, remanded the matter for the assessment and imposition of fees and damages. *Winpenny v. Winpenny*, 434 Pa.Super. 348, 643 A.2d 677 (1994), *appeal denied*, 540 Pa. 603, 655 A.2d 991 (1994), *recons. denied*, No. 615 E.D.1994 (Pa. filed January 23, 1995), *cert. denied*, 516 U.S. 811, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995) (*Winpenny IV*). On August 8, 1996, the trial court assessed

counsel fees in the amount of $20,000 and delay damages in the amount of $16,000. Appellant's subsequent direct appeal was quashed by this Court. *Winpenny v. Winpenny,* No. 3497 Philadelphia 1996, 718 A.2d 869 (Pa.Super.1998) (unpublished Memorandum) (*Winpenny V*). Judgment was entered in favor of appellee on June 7, 2000, to which appellant filed a petition to strike. The trial court denied appellant's petition to strike and this timely appeal followed.[1]

¶ 3 As the trial court aptly notes, "[t]his is one of those never ending divorce cases." (Trial Court Opinion, Battle, P.J., 10/12/00, at 1.) In its Opinion, the trial court recognizes, "[d]espite the admonitions of our Superior Court, almost four years after the $36,000 in costs were imposed and more than two years after our Superior Court quashed her appeal from the imposition of such costs, [appellant] has filed a Petition to Strike the costs. This court therefore had no choice but to deny the Petition to Strike." (*Id.* at 3.) After a thorough review of the lengthy record, we agree with the trial court and, thus, affirm its Order denying the petition to strike costs.

¶ 4 We note appellant's brief submitted in support of her appeal is inarticulate and her argument for relief is incomprehensible. In her brief, appellant argues:

So the due process of the Master's Report was skipped for Carol's bid. Lost of property without. Unconstitutional thus void. And the *Order of August 11, 1986* doesn't give authority to sell, thus void. And the way that Order was got. Good God.

(Appellant's brief at 23.) Appellant's conclusion is the only portion of the brief where her prayer for relief is somewhat clear. Appellant asks this Court: 1) to reverse the September 18, 1990 Order enforcing the sale of the property; 2) to award to her appellee's interest in the property; 3) to accept her 1984 bid on the property in the amount of $30,000; 4) to impose costs and fees on appellee; 5) to reverse the August 6, 1996 Order assessing fees and costs against her and; 6) to fine appellee's attorney for misleading the courts. (Appellant's brief at 25–27.) Unfortunately, appellant's appeal is based upon issues that are redundant, frivolous and untimely.

¶ 5 The issues raised by appellant herein are nothing more than recycled claims which previously were addressed by the courts of this Commonwealth over the span of more than two decades.

Twenty-two years of litigation [now twenty-five years] is manifestly excessive and needlessly expensive. Appellant continues to insist on litigating issues already decided, and those issues remain as frivolous today as they were before. The passage of time did not

---

1. We note appellant failed to comply with Pa.R.A.P. 2111, **Brief of the Appellant;** Rule 2115, **Order or Other Determination in Question;** Rule 2116, **Statement of Questions Involved;** Rule 2117, **Statement of the Case;** Rule 2118, **Summary of Argument;** Rule 2119, **Argument;** Rule 2152, **Content and Effect of Reproduced Record;** and Rule 2153, **Docket Entries and Related Matter.** Accordingly, pursuant to Rule 2101, **Conformance with Requirements,** this Court may quash or dismiss this appeal based upon the substantial defects in appellant's brief. Appellant's failure to comply with the rules of appellate procedure baffles this Court in light of the numerous appeals and petitions filed by appellant over 25 years. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein,* 401 Pa.Super. 400, 585 A.2d 520, 522 (1991), *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991), *quoting Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2540 n. 46, 45 L.Ed.2d 562, 581 n. 46 (1975).

magically instill merit in them; it only increased cost to appellee and wasted more judicial resources. If the sanctions imposed to date have not made this point, stronger sanctions may be needed should appellant persist. Failure to acknowledge this simple truth cannot be countenanced any further.

*Winpenny V* (unpublished Memorandum at 2). As appellant blatantly disregarded this Court's admonition and continues to litigate issues addressed and disposed of on direct appeal, we conclude stronger sanctions are necessary to further dissuade appellant from conducting herself in a dilatory and vexatious manner. Rule 2744, **Further Costs. Counsel Fees. Damages for Delay,** provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. While we recognize Rule 2744 should not be used to penalize a party for exercising his right to appeal in a complicated and protracted action, it is clear appellant's insistence on repeatedly raising previously litigated issues goes beyond the conduct tolerated by our judicial system. This case is a clear example of a litigant who has abused the process of the courts of this Commonwealth. Accordingly, we find appellant's habitual conduct warrants the imposition of additional costs, fees and damages.

¶ 6 Furthermore, in the interest of judicial economy, this Court will hear no further appeals relating to the partition matter. As patient as this Court may be, we must bring to an end the twenty-five years of litigation in this partition action. Although due process can not be set aside for judicial economy, we will not extend due process beyond its constitutional limits to indulge the fantasized claims of appellant. The only possible issue appellant may raise in the future is the propriety of the costs and fees imposed as a result of our disposition of her appeal herein, which will be reviewed under an abuse of discretion standard. Further attempts by appellant to litigate this case on the merits would justify appellee pursuing an action against appellant for abuse of process. *See Shiner v. Moriarty,* 706 A.2d 1228, 1236 (Pa.Super.1998) ("Pursuing litigation primarily to harass and cause injury to the adverse party is an objective not authorized by the equity action or the efforts to avoid the confessed judgment and constitutes a sufficient perversion of the process employed here to support a common law claim of abuse of process.")

¶ 7 Order affirmed. Case remanded for a hearing and assessment of costs, fees and damages consistent with this Opinion.

¶ 8 Jurisdiction relinquished.