J-S37019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL A. WEBSTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD D. WEBSTER | |
| Appellant | No. 2099 MDA 2013 |

Appeal from the Order entered October 25, 2013
In the Court of Common Pleas of Cumberland County
Civil Division at No: 2006-3802

BEFORE:  LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant, Harold D. Webster, appeals *pro se* from an order imposing sanctions for his repeated filing of frivolous motions in this divorce case.  We affirm.

During divorce proceedings, a master issued a final report with recommendations regarding distribution of the parties' marital assets.  On June 13, 2011, the divorce master filed his report with the trial court.  The coversheet of the report informed Appellant that he needed to file any exceptions within 20 days.  "If no exceptions are filed within the ten [sic] (20) day period, the Court shall receive the report, and if approved, shall enter a final decree in accordance with the recommendations contained in this report."  Notice of Filing Master's Report, 6/13/11.  The Notice also instructed Appellant how to file exceptions.  Appellant filed no exceptions,

and the trial court entered a final divorce decree confirming the report on August 2, 2011.

Appellant has repeatedly filed motions in the trial court and a civil lawsuit in another county challenging the report. All of Appellant's motions were denied, and the lawsuit was dismissed. Appellant's conduct prompted Appellee to request sanctions. On October 23, 2013, after a hearing, the trial court granted Appellee's motion by awarding counsel's fees and precluding Appellant from filing any further motions except this appeal.

"We review an order imposing sanctions for an abuse of discretion." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013). A court has authority to order a party to pay attorneys' fees as a sanction for "dilatory, obdurate or vexatious conduct." 42 Pa.C.S.A. § 2503(7). Furthermore, a party cannot use *pro se* status as a shield to thwart sanctions for papering the courts with frivolous filings. *See Winpenny v. Winpenny*, 775 A.2d 815, 816 n.1 (Pa. Super. 2001).

We hold that the trial court did not abuse its discretion in sanctioning Appellant. Our review of the record substantiates the trial court's finding that Appellant is obviously trying to re-litigate a matter that was finally decided three years ago. *See* Trial Court Rule 1925(a) Opinion, 3/18/14, at 1. Appellant's strategy on appeal belies any contention that the trial court

erred.[1]  Instead of asking us to reverse the order imposing sanctions, he has continued to argue the merits of his challenge to the master's report—the very conduct that lead to the sanctions in the first place.  The relentless pursuit of a meritless claim is punishable by sanctions, including attorneys' fees.  *See, e.g., Miller v. Nelson*, 768 A.2d 858, 862 (Pa. Super. 2001).  We find no abuse of discretion by the trial court for the imposition of sanctions upon Appellant for his attempting to litigate the same claims over and over again and expecting a different result.  *See Stewart*, 65 A.3d at 471.  The trial court's order is affirmed.[2]

_____

[1] While we could have dismissed Appellant's appeal for not complying with our briefing rules, we have chosen not to do so.  Appellant's brief and reproduced record violate the following Rules of Appellate Procedure, among others:

- Pa.R.A.P. 2111(a)(3) (statement of scope and standard of review);
- Pa.R.A.P. 2114 (statement of jurisdiction);
- Pa.R.A.P. 2116 (statement of questions involved);
- Pa.R.A.P. 2117 (statement of the case);
- Pa.R.A.P. 2118 (summary of argument);
- Pa.R.A.P. 2119 (argument); and
  Pa.R.A.P. 2151-54 (form and contents of reproduced record).

Appellant also makes no legal argument, cites no legal authority, and asks for relief (money damages) that this Court cannot award.  Appellant's *pro se* status does not excuse compliance with applicable rules of procedure.  *Winpenny v. Winpenny*, 775 A.2d at 816 n.1.

[2] Appellee has requested a remand for imposition of sanctions under Pa.R.A.P. 2744.  We decline to do so, because Appellee's request is procedurally improper.  *See* Pa.R.A.P. 2751.  We recognize Appellee's frustration with having to defend against repeated frivolous filings by Appellant.  In that regard, we are hopeful that the trial court's imposition of
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/25/2014</u>

---

*(Footnote Continued)* ────────────

sanctions and a prohibition against further filings (except this appeal) will have a salutary effect on Appellant.