J-A16007-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD MICKMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELAINE MICKMAN, | |
| Appellant | No. 1469 EDA 2017 |

Appeal from the Order Entered March 21, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 03-06252

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 17, 2018**

Elaine Mickman (Appellant or Defendant) appeals *pro se* from the order dated March 20, 2017, and entered on March 21, 2017, that denied her Petition to Open/Vacate Divorce Decree Based On "Newly" Discovered Evidence and granted Richard Mickman's (Appellee or Plaintiff) motion to dismiss Appellant's petition. The order also denied Appellant's Petition to Reinstate Alimony and granted Appellee's motion to dismiss the alimony request. For the reasons that follow, we affirm.

Appellant raises the following two issues for our review:

1. The court erred and abused its discretion by procedurally and substantively denying a due process hearing to present evidence, testimony, and witnesses for a "timely" filed Petition to Open/Vacate a Divorce Order for <u>Extrinsic</u> Fraud with attached "Newly" discovered *prima facie* material evidence <u>collateral</u> to the divorce, thereby denying and dismissing the petition without a meaningful right to be heard, further,

denying a Reconsideration Motion which pointed out "clear error of fact or law", and relying on the original divorce … determination which was based on extrinsic fraud placed upon the court.

2. The [c]ourt erred and abused its discretion by denying Appellant a hearing and dismissing the Petition to Re-instate Alimony in connection with the "timely" filed Petition to Open/Vacate the Divorce order for later discovered Extrinsic Fraud.

Appellant's brief at 5 (emphasis in original).

With regard to the arguments raised in relation to the denial of Appellant's most recent petitions to open/vacate the divorce decree and to reinstate alimony, we have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough, 15-page opinion of the Honorable Patricia E. Coonahan of the Court of Common Pleas of Montgomery County, dated June 14, 2017.[1]  We conclude that Judge Coonahan's well-reasoned opinion accurately disposes of the issues presented and we discern no abuse of discretion or error of law.  Accordingly, we adopt Judge Coonahan's opinion as our own and employ the discussion contained therein as the basis for affirming the order from which this appeal arose.

However, we are compelled to comment on Appellant's numerous frivolous and vexatious lawsuits filed by her in attempting to re-open or vacate

_____

[1] Specifically, our review included the most recent decision filed by this Court, which in many ways mirrors the arguments raised instantly.  ***See Mickman v. Mickman***, No. 1426 EDA 2016 and No. 2097 EDA 2016, unpublished memorandum (Pa. Super. filed July 15, 2017).

the divorce decree.[2]  We begin by referencing Pa.R.C.P. 233.1, which pertains to frivolous litigation "that limits the ability of *pro se* plaintiffs to prolong litigation through the filing of serial complaints after the claims they allege have been resolved."  ***Gray v. Buonopane***, 53 A.3d 829, 834 (Pa. Super. 2012).  However, Rule 233.1 provides that "[t]he provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions."  Despite the language of the rule, the **Winpenny III v. Winpenny**, 775 A.2d 815 (Pa. Super. 2001) case, which involved a partition action for the sale of property held by the entireties pursuant to the parties' divorce settlement, determined that "[t]he issues raised by [the] appellant herein are nothing more than recycled claims which previously were addressed by the courts of this Commonwealth over the span of more than two decades."  ***Id.*** at 817.  The **Winpenny** opinion notes that stronger sanctions beyond those previously imposed were "necessary to further dissuade [the] appellant from conducting herself in a dilatory and vexatious manner" in that she continues to litigate issues addressed and disposed of on direct appeal.  ***Id.*** at 818.  The **Winpenny** Court further stated that,

> it is clear [the] appellant's insistence on repeatedly raising previously litigated issues goes beyond the conduct tolerated by our judicial system.  This case is a clear example of a litigant who has abused the process of the courts of this Commonwealth.  Accordingly, we find [the] appellant's habitual conduct warrants the imposition of additional costs, fees and damages.

---

[2] This appeal appears to be Appellant's seventh collateral attack on the parties' divorce decree, which was issued in 2011.  The divorce complaint was initially filed in April of 2003.

***Id.*** It is apparent that the ***Winpenny*** decision supports the trial court's prior imposition of attorney's fees in the instant case.

Although the case of ***Bolick v. Commonwealth***, 69 A.3d 1267 (Pa. Super. 2013), is not a family law case, the actions suggested by this Court based upon the Supreme Court's comment to Rule 233.1 are persuasive. Specifically, the ***Bolick*** opinion directs:

> We believe that Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court. Should [the] [a]ppellant again present any filing in this matter to the trial court, the [appellee] may choose to file a motion with the trial court to dismiss the action and bar future litigation on the matter pursuant to Rule 233.1. The trial court will then have the discretion to bar future litigation, if it so chooses.

***Id.*** at 1270. We likewise suggest that the same procedure can be applied in the future to this matter.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18

- 4 -

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA
FAMILY DIVISION

RICHARD D. MICKMAN        :        NO. 2003-06252

v.        :

ELAINE MICKMAN        :


## OPINION

COONAHAN, J.                                              June 14, 2017


On June 1, 2016, the Defendant filed a Petition to Open/Vacate Divorce Decree Based on "Newly" Discovered Evidence, Pursuant to 23 PA C.S.A. 3332 for Extrinsic Fraud. In her petition, the Defendant alleged that the parties June 21, 2011 Divorce Decree and the June 29, 2011 Amended Divorce Decree "should be opened/vacated due to extrinsic fraud, intentionally placed upon the Court by Plaintiff." In support of her petition to open/vacate the divorce decree, the Defendant alleged that the documentation attached to her petition was "New" documentation and indicated that Plaintiff placed extrinsic fraud upon the court by using third parties to conceal his business ownership as his "planning for the divorce trial."

Defendant alleged that during the parties divorce trial, Plaintiff presented a Consulting Agreement to the Court that indicated that he transferred his business ownership in Telemerica, LLC. to his cousin Barry Galman for no monetary consideration. Defendant now alleged that Plaintiff continued to receive the benefits of his interest in those companies while they were placed in his cousin, Barry

Galman's name, and, that allegedly Plaintiff had the companies transferred back into his name at the conclusion of the parties divorce proceeding. Furthermore, Defendant alleged that none of the income from Telemerica, LLC was included in the party's marital assets for the purposes of equitable distribution. In support of the allegations in her petition, Defendant attached Exhibit "A" to her petition, an alleged copy of the January 1, 2009 Consulting Agreement between Plaintiff and his cousin Barry Galman. The Consulting Agreement stated that as of January 1, 2009, all of Plaintiff's interest in his company Telemerica, LLC. was to be put in the name of Plaintiff's cousin, Barry Galman. Additionally, Defendant attached Exhibit "B" to her petition, an alleged copy of a June, 2014 IRS Quarterly Tax Return for Telemerica, LLC, addressed to Plaintiff, and not to Plaintiff's cousin Barry Galman. Defendant further alleged that Plaintiff's 2011 through 2013 Bank of America statements indicated that Plaintiff owned two companies, Payment Direct and Telemerica, LLC., although Plaintiff stated that he transferred the companies to his Cousin Barry Galman as of January 1, 2009. Defendant did not submit any documentation from Bank of America to support her allegations.

In her June 1, 2016 petition, the Defendant requested the Court schedule a protracted hearing to open/vacate the Divorce Decree on the grounds of extrinsic fraud in order to accept new evidence, facts, and testimony for proper distribution of the party's marital assets.

On June 6, 2016, Counsel for Plaintiff, Jack A. Rounick, Esquire filed a Motion to Dismiss Defendant's 6/1/2016 Petition to Open/Vacate Divorce Decree. In his petition, Mr. Rounick requested that the Court dismiss Defendant's petition for the following reasons: 1. Petitioner continues to file petitions to open the divorce decree

2

with allegations that have already been determined by the Court. 2. Mr. Rounick attached to his Motion as Exhibit "A", a Telemerica, LLC. valuation report dated January 29, 2010 from an expert retained by Defendant and her former counsel which was presented to the Court during the equitable distribution hearings in 2010. Mr. Rounick stated that a final determination on this issue had previously been considered by the Court in in the parties 2010 equitable distribution hearing and 2011 Divorce Decree.[1]

On June 13, 2016, Defendant filed an Answer and Objection to Plaintiff's June 6, 2016 Motion to Dismiss Motion to Open/Vacate Divorce Decree. In this Answer, Defendant reasserted her allegation that her motion contained "New" evidence and that a protracted hearing on the matter must be scheduled before the Court.

On December 22, 2016, Defendant filed a Petition to Reinstate Alimony. Defendant alleged that the alimony should be reinstated based upon the alleged erroneous decision of the trial court and appellate decision that were based upon, and relied upon, Defendant's later-discovered "fraud placed upon the Court." Defendant alleged in her Petition that when her divorce trial concluded in 2010, it was determined that Plaintiff was earning between three to eight times more money than he disclosed at the parties 2003 support hearing. Defendant alleged that her 2003 Alimony Pendente Lite award was based on Plaintiff's 2003 income and that Plaintiff failed to report his substantial increase of income to the Montgomery County Domestic Relations Office and to the Defendant within seven

---

[1] Exhibit "A" of Plaintiff's Motion was the January 29, 2010 valuation from Pritchard, Bieler, Gruver & Willison, P.C., a Certified Public Accountants and Business Consultant's group, Plaintiff's interest in Telemerica, LLC as of December 31, 2008 showed that Plaintiff was a 50% member of Telemerica. The valuation report was prepared for Defendant and her counsel at that time Charles J. Meyer, Esquire.

(7) days of the change in income. Defendant alleged that Plaintiff's failure to report the change in income was a violation of Title 23 Section 4353 and Pa.R.C.P 1910.17. Defendant further alleged that due to her nearly thirty (30) years marriage to Plaintiff, and her time spent as a homemaker and Mother to the couple's five (5) children, she should have been awarded life time alimony.

Defendant alleged in the petition that she is presently left without any resources, income, or assets, and is medically approved by social security due to an alleged permanent disability. Defendant alleged that the Court abused its discretion by ignoring the fact that the Plaintiff allegedly schemed in the divorce proceeding to avoid disclosing his ownership of Telemerica, LLC. Defendant alleged that subsequent documents proved that the transfer of ownership of Telemerica, LLC from Plaintiff to his cousin Barry Galman was only temporary and that ownership in the company was eventually transferred back to the Plaintiff at the conclusion of equitable distribution and after the issuance of a divorce decree.

In her December 22, 2016 petition, Defendant requested that the Court reinstate her alimony, find Plaintiff guilty of Fraud, and issue a broad discovery order seeking detailed disclosure of all sources of Plaintiff's income and resources. The Court has noted that to date, Defendant has not provided proof of her enrollment in Social Security Disability, nor, of her indigent status.

On January 5, 2017, Counsel for Plaintiff, Jack A. Rounick, Esquire filed a Motion to Dismiss Defendant's Petition to Reinstate Alimony. In his petition, Mr. Rounick stated that Defendant's petition to reinstate alimony was previously disposed of by decision of the Honorable Arthur J. Tilson on July 29, 2011, and, therefore, there is no pending matter to which the Court could proceed. Mr. Rounick

4

further argued that the Montgomery County Domestic Relations Office has no jurisdiction over alimony post-divorce, and, further, any claim or attempt to set aside the decision is barred by the statute of limitations at 23 Pa. C.S.A. § 3332. 23. Pa. C.S.A. § 3332.23 states that to open a divorce decree based upon intrinsic evidence, the motion must be filed within thirty (30) days, or within five (5) years for extrinsic fraud. Mr. Rounick stated that the nature of Plaintiff's claim is one of intrinsic fraud, and, therefore, she is time barred from asserting her claim because more than thirty (30) days have elapsed.

On March 20, 2017, the Court, without a hearing, issued the following Order:

## ORDER

**AND NOW,** this 20th day of March, 2017, and upon consideration of Defendant's May 27, 2016 Motion to Stay May 5, 2016 Order For June 1, 2016 Hearing Pending Appeal (Seq. # 1226), Defendant's June 1, 2016 Petition to Open/Vacate Divorce Decree Based On "Newly" Discovered Evidence, Pursuant to 23 PA C.S.A. 3332 for Extrinsic Fraud (Seq.# 1233), Plaintiff's June 6, 2016 Motion to Dismiss 6/1/2016 Petition to Open/Vacate Divorce Decree (Seq. # 1242), Defendant's December 22, 2016 Petition to Reinstate Alimony (Seq. # 1312), Plaintiff's January 5, 2017 Motion to Dismiss Petition to Reinstate Alimony (Seq. #1316) the Court makes the following findings and order.

**The Court hereby ORDERS and DECREES as follows:**

Defendant's May, 27, 2016 Motion to Stay May 5, 2016 Order for June 1, 2016 Hearing Pending Appeal (Seq. # 1226) is DENIED. The Court has previously ruled on Defendant's motions for Informa Pauperis and Recusal of presiding Judge.[2]

Defendant's June 1, 2016 Petition to Open/Vacate Divorce Decree Based On "Newly" Discovered Evidence, Pursuant to 23 PA C.S.A. 3332 for Extrinsic Fraud (Seq.# 1233) is DENIED. Plaintiff's June 6, 2016

---

[2] Defendant's May 27, 2016 Motion to Stay May 5, 2016 Order for June 1, 2016 Hearing Pending Appeal Seq# 1226) was ruled on by the Court in its March 20, 2017 order, however, Defendant did not raise any issues related to this order in her 1925(b) Concise Statement. Therefore, this issue is waived by Defendant pursuant to Pa.R.C.P. 1925(b)(3)(iv).

Motion to Dismiss 6/1/2016 Petition to Open/Vacate Divorce Decree (Seq. # 1242) is GRANTED. Defendant and her former counsel retained an expert in 2010 to value Plaintiff's interest in Telemerica, LLC. The expert issued a valuation report on January 29, 2010. This report was presented to the Court during the equitable distribution hearings in 2010.

Defendant's December 22, 2016 Petition to Reinstate Alimony (Seq.# 1312) is DENIED. Plaintiff's January 5, 2017 Motion to Dismiss Petition to Modify Alimony (Seq. # 1316) is GRANTED. The matter was previously disposed of by the Honorable Arthur Tilson on July 29, 2011. Furthermore, 23 Pa. C.S.A. § 3332 states that when new evidence is discovered a motion to open the decree must be filed within thirty (30) days, or for extrinsic fraud within five (5) years. Defendant is barred by the statute of limitations which has expired for the Defendant's petition.

**BY THE COURT:**

**/S/**_____

**PATRICIA E. COONAHAN, J.**

On March 30, 2017, the Defendant filed a Motion for Reconsideration of the Court's March 20, 2017 Order Dismissing June 1, 2016 Petition to Open/Vacate Divorce for Extrinsic Fraud Without a Due Process Hearing. On April 3, 2017, the Court issued an Order denying Defendant's March 30, 2017 Motion for Reconsideration of the March 20, 2017 order. On March 31, 2017, Plaintiff filed a Motion to Dismiss Defendant's Motion for Reconsideration of March 20, 2017 Order. In his Motion to Dismiss, Counsel for Plaintiff, Jack A. Rounick Esquire, stated that the allegations set forth by Defendant, even if true, would be intrinsic fraud and not extrinsic fraud, and, therefore, the statute of limitations had already expired on this matter. Plaintiff stated that the Defendant constantly confuses intrinsic fraud and its thirty (30) days statute of limitations with extrinsic fraud and its five (5) years statute of limitations.

6

On April 18, 2017, the Defendant filed a Petition and Affidavit for Leave to Proceed In Forma Pauperis. This petition was subsequently denied by the Court on April 19, 2017 due to insufficient proof of indigent status.

On April 18, 2017, the Defendant filed a Notice of Appeal of this Court's March 20, 2017 order with the Pennsylvania Superior Court. On May 1, 2017, the Court ordered the Defendant to file with this Court a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P.1925(b). On May 1, 2017, the Defendant paid her filing fee of $51.25, and, thereby, perfected her appeal to the Pennsylvania Superior Court.

On May 22, 2017, Defendant filed a Concise Statement which stated the following:

1. "The court erred and abused its discretion by procedurally and substantively denying a due process hearing to present evidence, testimony, and witnesses for a "timely" filed Petition to Open/Vacate a Divorce Order for Extrinsic Fraud with attached "Newly" discovered *prima facie* material evidence collateral to the divorce, thereby denying and dismissing the petition without a meaningful right to be heard, further, denying a Reconsideration Motion which pointed out "clear error of fact or law" and relying on the original divorce trial determination which was based on extrinsic fraud placed upon the court."

2. "The Court erred and abused its discretion by denying Appellant a hearing and dismissing the Petition to Re-Instate Alimony in connection with the "timely" filed Petition to Open/Vacate the Divorce order for later discovered Extrinsic Fraud."

This opinion is filed pursuant to and is in compliance with Pa. R.A.P. 1925 (a).

The Court addresses the Defendant's issues as follows:

1. "The court erred and abused its discretion by procedurally and substantively denying a due process hearing to present evidence, testimony, and witnesses for a "timely" filed Petition to Open/Vacate a Divorce Order for Extrinsic Fraud with attached "Newly" discovered *prima facie* material evidence collateral to the divorce, thereby denying and dismissing the petition without a meaningful right to be heard, further, denying a Reconsideration

7

Motion which pointed out "clear error of fact or law" and relying on the original divorce trial determination which was based on extrinsic fraud placed upon the court."

Where there has previously been rendered a final judgment on the merits by a court of competent jurisdiction, the doctrine of res judicata will bar any future suit on the same cause of action between the same parties. Chada v. Chada, 756 A. 2d 39, 2000 PA Super 186; Matternas v. Stehman, 434 Pa. Super. 255, 642 A. 2d 1120 (1994). Invocation of the doctrine of res judicata requires that both the former and letter suits possess the following common elements: identity in the thing sued upon; identity in the cause of action; identity of persons and parties to the action; and identity of the capacity of the parties suing or being sued. Banker v. Valley Forge Insurance Co., 401 Pa. Super. 367, 585 A. 2d 504 (1991).

Furthermore, the doctrine of collateral estoppel operates to preclude a question of law or issue of fact which has once been litigated in a court of competent jurisdiction from being re-litigated in subsequent proceedings, and there is no requirement that there be identity of parties in the two actions in order to invoke the bar. Id. Technical res judicata, often referred to as claim preclusion, requires that "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." Henion v. Worker's Compensation Appeal Board, 776 A. 2d 362, (Pa. Cmwlth. 2001). Res judicata may be applied to bar "claims that were actually litigated as well as those matters that should have been litigated." Id.

First, and overall, the Court points out that the Equitable Distribution order of the Honorable Arthur J. Tilson, filed on June 21, 2011, and amended on June 29, 2011, was affirmed by the Pennsylvania Superior Court on October 18, 2012. The

8

Court notes that the docket in this case reveals that Defendant has since filed numerous petitions to re-open the divorce decree based upon fraud. An example of the previous attempts to re-open the divorce decree was set forth in Defendant's June 25, 2014 pro se Emergency Motion to Re-Open Divorce Decree. In that motion, the Defendant alleged that Plaintiff engaged, "in a scheme to deceive and hide assets from the court" during the parties 2011 divorce trial. Defendant went on to further discuss, "Plaintiff's deliberate concealment of his business ownership, its value and its income constitutes extrinsic fraud." In that petition, Defendant alleged that Plaintiff had committed fraud in regard to his business ownership in "Payment Direct, Inc." and "Beacon Financial, Inc." On July 7, 2014 and July 11, 2014, Defendant, through her counsel at that time, Shannon K. McDonald, Esquire, filed an amended petition to re-open the divorce decree, alleging the same facts as Defendant's June 25, 2014 pro se petition. On November 17, 2014, the Court heard argument on Defendant's July 7, 2014 and July 11, 2014 amended petitions. The Defendant was represented by Ms. McDonald at both hearings. On January 12, 2015, the Court denied Defendant's petitions to open/vacate the divorce decree. Neither Defendant nor her counsel Ms. McDonald filed an appeal of the Court's January 12, 2015 order. Instead, Ms. McDonald filed "Post-Trial Motions" on January 21, 2015 which, inter alia, requested that the Court review "the decisions in the [January 12, 2015] order and overturn itself." January 21, 2015 Post-Trial Motions, paragraph 6. On March 9, 2015, the Court issued an order scheduling Defendant's post-trial motions for a hearing on March 31, 2015. Neither Ms. McDonald nor the Defendant appeared at the March 31, 2015 hearing despite receiving proper notice of the hearing from the Court. Since no excuse or reason

9

was provided to the Court, either before or after the March 31, 2015 hearing as to their absences, the Court dismissed Defendant's post-trial motions. On March 31, 2015, the Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania, appealing the Court's March 31, 2015 order. The appeal was quashed on August 14, 2015.

The docket in this case also shows that on July 10, 2015 Defendant filed a pro se New Petition to Open/Vacate Divorce Decree Pursuant to 23 Pa. C.S.A. 3332 for Extrinsic Fraud. In that petition, Defendant again alleged that Plaintiff deliberately concealed certain business ownerships from her at the time of the divorce and equitable distribution hearings. Identical to the Defendant's June 25, 2014, July 7, 2014, and July 11, 2014 petitions, Defendant's July 10, 2015 petition again identified "Payment Direct, Inc." and Beacon Financial Inc." as the sources of the alleged fraud. On October 8, 2015, the Court held a hearing on Defendant's July 10, 2015 petition. Following the hearing on October 8, 2015, the Court denied Defendant's July 10, 2015 petition. Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania of the October 8, 2015 order, but Defendant's in forma pauperis petition was denied, and the filing fees were not paid by the Defendant. Therefore, Defendant did not perfect her appeal and the Court's October 8, 2015 order remains final.

23 Pa. C.S.A. § 3332 states "Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony." The statute defines extrinsic fraud as extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case. Where intrinsic fraud attacking the validity of a decree is alleged, a motion to

open the decree must be filed within thirty (30) days after the entry of the decree. Hassick v. Hassick, 695 A. 2d 8512, Pa. Super. 1997). The statute of limitations in which to open or vacate a divorce decree based upon extrinsic fraud is five (5) years. Id. Here, Defendant was issued a divorce decree by Judge Tilson on June 21, 2011 which was amended on June 29, 2011 for the purposes of correcting a typographical error. Defendant filed her petition to open/vacate the divorce decree on June 1, 2016, well beyond the thirty (30) days intrinsic fraud statute of limitations. While Defendant was within the five (5) years statute of limitations for extrinsic fraud, the nature of the fraud alleged is, pursuant to 23 Pa. C.S.A. § 3332, intrinsic in nature and not extrinsic.

In January, 2010, the Defendant and Charles J. Meyer, Esquire, her attorney at that time, hired Pritchard, Bieler, Gruver & Willison, P.C. as an expert witness for the purposes of valuing Plaintiff's ownership interest in Telemerica, LLC. At that time, Dennis K. Bieler, of the above Certified Public Accounting firm, by letter of January 29, 2010 to Defendant and her attorney, stated that Plaintiff's interest in Telemerica, LLC was 50% as of December 31, 2008. The parties engaged in equitable distribution hearings in 2010 and were issued a divorce in June, 2011. Plaintiff is time barred from asserting a fraud claim against Plaintiff when she waited until 2016 to present evidence of alleged fraud committed by Plaintiff.

Furthermore, in his November 16, 2011 Opinion, The Honorable Arthur J. Tilson explained his decision to divide the parties' marital estate 70% to Plaintiff and 30% to Defendant. Judge Tilson stated in his opinion "The evidence reveals that Mother's behavior during the course of this litigation has been completely obstreperous and calculated to adversely impact Mr. Mickman's finances and the

11

value of the marital estate as a whole. The overwhelming evidence reveals that Mother has worked diligently to subvert Father's economic endeavors, at great cost to all of the Mickmans. Mother has filed numerous law suits in multiple jurisdictions as a means of depleting Mr. Mickman's (Father's) available economic resources." (November 16, 2011 Opinion of J. Tilson at 12).[3] As detailed above, Defendant is a habitual and serial filer of fraud petitions in an attempt to re-open her divorce decree[4]. Defendant uses the same basic language and merely alters the facts in an attempt to re-litigate the issue over and over again.

Finally, Defendant alleged in her 1925 (b) Concise Statement that the Court erred in denying her March 30, 2017 Motion for Reconsideration of the March 20, 2017 Order Dismissing June 1, 2016 Petition to Open/Vacate Divorce for Extrinsic Fraud Without a Due Process Hearing. However, under Pennsylvania case law, a Motion for Reconsideration is not reviewable on appeal. Bowden v. Tompkins, 306 Pa. Super. 494,495 (1982). Defendant is appealing from the March 20, 2017 order and cannot appeal the Court's March 30, 2017 denial of reconsideration.

Defendant is collaterally estopped from continually re-litigating the same issues, her claims of extrinsic fraud and her right to a "due process hearing." Defendant continuously filed petitions that raise allegations of fraud in the parties' June 21, 2011 and June 29, 2011 equitable distribution and divorce decree. Furthermore, Defendant continuously alleges in her petitions that she has

---

[3] Judge Tilson's June 21, 2011 divorce decree and equitable distribution order and his June 29, 2011 amended divorce decree and equitable distribution order was affirmed on appeal by the Pennsylvania Superior Court on October 18, 2012.

[4] While Pa.R.C.P. 231 pertaining to frivolous litigation had historically declined to extend the provisions of this rule to family law actions, the Pennsylvania Superior Court has refused to hear further pro se appeals by former wife in a divorce partition matter, where former wife had repeatedly raised previously litigated issues. See Winpenny III v. Winpenny, 775 A. 2d 815 (2001). "The issues raised by appellant herein are nothing more than recycled claims which previously were addressed by the courts of this Commonwealth over the span of more than two decades." Id.

12

uncovered "new" documentation, however, Defendant's "new" documentation is either repetitive of prior information, or is not persuasive or relevant to her claims that Plaintiff, "intentionally placed fraud upon the court." Defendant was afforded a full and fair equitable distribution hearing in 2011. Defendant previously litigated the issue of her allegations of extrinsic fraud committed by Plaintiff in relation to opening or vacating the divorced decree on several prior occasions before this Court. This Court has dismissed Defendant's prior allegations of extrinsic fraud. Furthermore, Defendant either did not file and/or perfect an appeal of the Court's prior decisions on the issue of extrinsic fraud. Defendant's claim as raised in paragraph one (1) of her Concise Statement is without merit and contrary to the doctrine of res judicata. Defendant is collaterally estopped from re-litigating the same issue which has been finally determined by the Court in this matter, and her claim as stated above should, therefore, be dismissed.

> 2. The Court erred and abused its discretion by denying Appellant a hearing and dismissing the Petition to Re-Instate Alimony in connection with the "timely" filed Petition to Open/Vacate the Divorce order for later discovered Extrinsic Fraud.

Alimony is provided for under 23 Pa.C.S.A. §3102, 3103, and 3104 when there is a determination and disposition of property rights and interests between spouses in conjunction with any decree granting divorce or annulment.

Here, as discussed supra, Defendant's allegations that Plaintiff transferred his ownership interest in Telemerica, LLC to his cousin Barry Galman in January, 2009, and then transferred it back to himself after the parties divorce decree was issued, does not constitute extrinsic fraud as alleged by the Defendant. Therefore, due to her untimely filed Petition to Open/Vacate the Divorce Decree Order for Later Extrinsic Fraud (discussed supra), the Defendant's claim to reinstate her alimony

13

arising out of an extrinsic fraud claim fails. Additionally, a review of the docket in this case illustrates that the Judge Tilson's June 21, 2011 divorce decree and equitable distribution award and the June 29, 2011 amended divorce decree and equitable distribution award, granted Defendant alimony pendente lite and not alimony. Defendant received alimony pendente lite through the appeal of the 2011 divorce decree and equitable distribution award issued by Judge Tilson. Defendant confuses or conflates alimony pendente lite with alimony as well as the concepts of extrinsic and intrinsic fraud, while ignoring the contents of Judge Tilson's 2011 divorce decree and equitable distribution award which did not grant Defendant alimony. As discussed above, Judge Tilson's 2011 divorce decree was affirmed on appeal to the Superior Court of Pennsylvania on October 18, 2012. Petition for Reargument was denied on December 27, 2012 by the Superior Court of Pennsylvania on the issue of alimony, and alimony was specifically addressed by the Superior Court of Pennsylvania pp. 33-38 of its memorandum opinion. The Supreme Court of Pennsylvania denied allowance of appeal on this issue on September 24, 2013. The alimony issue is finally litigated, is res judicata and/or is also untimely.

Defendant's claim as raised in paragraph two (2) of her 1925(b) Concise Statement is without merit, is not supported by the facts in this matter, and should, therefore, be dismissed.

The Court did not err or abuse its discretion in the March 20, 2017 order. For the above reasons, the Court respectfully requests that Defendant's appeal be

14

dismissed and the March 20, 2017 order be affirmed.

**BY THE COURT:**

**PATRICIA E. COONAHAN, J.**

Copies mailed on 6/15/17 to the following:
**By First-Class Mail:**

Jack A. Rounick, Esquire
Elaine Mickman, *pro se*, 1619 Gerson Drive, Narberth, PA 19072

Secretary

15