J-S26017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRONK D. GLENN, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE HERSHEY COMPANY | : | No. 1852 MDA 2024 |

Appeal from the Order Entered November 25, 2024
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2024-CV-07523

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 14, 2025**

Appellant, Bronk D. Glenn, Jr., appeals *pro se* from the November 25, 2024 order entered in the Court of Common Pleas of Dauphin County that, *inter alia*, denied his request to toll the limitations period for asserting discrimination and retaliation claims against his former employer, The Hershey Company, and to stay the proceedings until Appellant could conduct further investigation into his potential claims.[1]  In addition to denying Appellant's request for relief, the trial court discontinued the matter.  Upon review, we affirm.

The trial court summarized the factual and procedural history as follows:

Appellant was hired by The Hershey Company [] in September [] 2022[,] as a peanut butter molding mechanic at its Reese

---

[1] The trial court order denying Appellant's request for relief was entered on November 25, 2024, and not on November 11, 2024, as Appellant states in his *pro se* notice of appeal.  The caption has been corrected accordingly.

manufacturing plant in Hershey, [Pennsylvania]. On [] January 30, 2024, Appellant filed a charge with the [United States Equal Employment Opportunity Commission ("EEOC"),] which was dual[-]filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). On June 14, 2024, the [EEOC] determined that it would not proceed further with an investigation and issued a Notice of Right to Sue [("NRTS") letter], giving Appellant 90 days to file his claims [in state or federal[2]] court if he chose to do so.

Trial Court Opinion, 2/5/25, at 1.

Appellant did not file a Title VII claim in either state or federal court within the 90-day filing window. Instead, on November 5, 2024, Appellant filed *pro se* a document captioned, "Petition for Tolling, Enforcement of Right-To-Sue Letter, Leave to Stay Proceedings, and Injunctive Relief" ("petition for tolling"). In his petition for tolling, Appellant requested, *inter alia,* that the trial court

[1.] Toll the limitations period for filing claims associated with the EEOC [NRTS] letter, in recognition of the delay caused by the EEOC's denial[ and ]nonresponse to the initial request [by Appellant for a "complete case file"].

[2.] Enforce [Appellant's NRTS] letter, allowing [Appellant] to proceed with legal action against The Hershey Company within the tolled period.

[3.] Grant leave to stay [the] proceedings until all ongoing investigations with the PHRC and EEOC have been

---

[2] *See Bailey v. Storlazzi*, 729 A.2d 1206, 1209 n.3 (Pa. Super. 1999) (stating, "[t]he [United States] Supreme Court has held that state and federal courts have concurrent jurisdiction to adjudicate claims brought under Title VII"), *citing Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990).

concluded, allowing [Appellant] the opportunity to file a comprehensive and accurate complaint.

[4.] Issue an order of injunctive relief requiring [The Hershey Company] to preserve all documents, records, and communications relevant to [Appellant's] claims, preventing the destruction or alteration of evidence until this matter has reached resolution.

[5.] Issue an order of injunctive relief prohibiting [The Hershey Company], its business partners, and affiliates from taking retaliatory actions against [Appellant] during these proceedings, including any unwarranted disciplinary actions, modifications to [Appellant's] job duties, termination, or adverse treatment connected to [Appellant's] claims.

Petition for Tolling, 11/5/24, at ¶8. On November 12, 2024, the trial court scheduled a hearing on Appellant's petition for tolling for November 25, 2024. On November 22, 2024, The Hershey Company filed a response in opposition to Appellant's petition for tolling. On November 25, 2024, the trial court entertained argument on Appellant's petition for tolling. That same day, the trial court denied Appellant's request for relief and discontinued the matter. This appeal followed.[3]

Appellant raises *pro se* the following issues for our review:

1. Whether the trial court erred in denying equitable tolling when Appellant was unable to obtain essential case records due to PHRC and EEOC noncompliance?

2. Whether record supplementation under [Pennsylvania Rule of Appellate Procedure] 1926 is required to ensure a fair and complete review of the underlying proceedings?

_____

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

3.      Whether Appellant is entitled to a subpoena *duces tecum* compelling the PHRC to produce key withheld documents?

4.      Whether the denial of injunctive relief and dismissal of the matter violated Appellant's due process rights?

5.      Whether retaliatory conduct by [The Hershey Company] - including termination mere hours after service [of the petition for tolling] - warrants reversal and remand?

Appellant's Brief at 9.

In his first issue, Appellant challenges the portion of the trial court's order that denied his request for equitable tolling of the limitations period in which to file a Title VII complaint against The Hershey Company.

The limitations period for submitting a complaint alleging unlawful discrimination to an administrative agency, such as the EEOC or PHRA, is non-jurisdictional and subject to equitable tolling. ***Nicole B. v. Sch. Dist. of Philadelphia***, 237 A.3d 986, 994 (Pa. 2020) (stating, "where statutory time limitations are not jurisdictional, principles of equitable tolling have been employed to ameliorate the harshness of limitation periods"); ***see also Nat'l R.R. Passenger Corp. v. Morgan***, 536 U.S. 101, 113 (2002) (stating, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); ***Lozano v. Montoya Alvarez***, 572 U.S. 1, 11 (2014) (stating, "Congress is presumed to incorporate equitable tolling into federal statutes of limitations because equitable tolling is part of the established backdrop of American law"). Case law holds that the time limit for filing an action in court after an agency has

- 4 -

fulfilled its administrative prerequisites is akin to a statute of limitations, not a jurisdictional time-bar. *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 A.3d 236, 239-240 (3rd Cir. 1999) (stating, "[T]he ninety-day time limit in which a plaintiff must file a Title VII action [after receipt of a NRTS letter] is akin to a statute of limitations rather than a jurisdictional bar. Therefore, the time limit is subject to tolling."). Therefore, we shall apply the doctrine of equitable tolling to the time period for filing a Title VII action in the trial court after agency action by the EEOC or PHRA.

"Equitable tolling permits administrative agencies and courts to postpone application of statutory limitations for a period of time in certain appropriate circumstances." *Nicole B.*, 237 A.3d at 994 (stating that, "it is hornbook law that limitations periods are customarily subject to equitable tolling, unless doing so would be inconsistent with the text of the relevant statute" (citations and original quotation marks omitted)). "Equitable tolling has evolved as an 'umbrella' concept, encompassing a variety of rationales for tolling a [limitations period]." *Id.* at 995. Situations deemed to fall under the "umbrella" of equitable tolling include "fraud and concealment," "tolling permitted under the discovery rule,"[4] "extraordinary circumstances where a plaintiff is prevented from asserting his [or her] rights," and "where a plaintiff

---

[4] "The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he [or she] has been injured and that his [or her] injury has been caused by another party's conduct." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000).

asserts his [or her] rights in the wrong forum[.]" *Id.* at 996. "[E]quitable tolling may [also] be appropriate when a [plaintiff] received inadequate notice of [his or] her right to file suit, where a motion for appointment of counsel is pending, [] where the court has misled the plaintiff into believing that [he or] she had done everything required[,] when the defendant has actively misled the plaintiff[,] when the plaintiff in some extraordinary way was prevented from asserting [his or] her rights[,] or when the plaintiff timely asserted [his or] her rights in the wrong forum[.]" *Seitzinger*, 165 F.3d at 240 (citations and original quotation marks omitted). Courts have cautioned, however, that equitable tolling must be applied sparingly, and limitation periods should not be "disregarded by courts out of a vague sympathy for [a] particular litigant[.]" *Morgan*, 536 U.S. at 113-114.

"[A] litigant seeking equitable tolling [based upon extraordinary circumstances] bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016) (explaining that, "the diligence prong [] covers those affairs within the litigant's control[ and] the extraordinary-circumstances prong, by contrast, [covers] matters outside [the litigant's] control"); *Holland v. Florida*, 560 U.S. 631, 653 (2010) (stating, "[t]he diligence required for equitable tolling purposes is reasonable diligence" (original quotation marks and citation omitted)).

- 6 -

In denying Appellant's request to toll the limitations period to file a Title VII complaint against The Hershey Company following receipt of a NRTS letter, the trial court noted that "[e]quitable tolling is only granted in exceptional circumstances, such as when the plaintiff has been actively misled or has been prevented from asserting his rights in some extraordinary way."  Trial Court Opinion, 2/5/25, at 3.  The trial court found that "Appellant [] failed to demonstrate any such circumstances that would justify equitable tolling in the case."  *Id.*

Pennsylvania Rule of Civil Procedure 1007 states that "[a]n action may be commenced by filing with the prothonotary (1) a *praecipe* for a *writ* of summons, or (2) a complaint."  Pa.R.Civ.P. 1007 (formatting modified).  "The filing of a *praecipe* for a *writ* of summons or a complaint to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the *writ* or complaint in compliance with the other applicable rules of court."  *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. 2004), *relying on*, *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976).  Once an action has commenced, the parties may then obtain discovery.  *See* Pa.R.Civ.P. 4003.1(a) (stating, subject to certain limitations, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and

the identity and location of persons having knowledge of any discoverable matter").

When the trial court asked Appellant "[f]or what reason did you not file a complaint on or before the expiration of [the] 90 days," the following dialogue occurred:

> [Appellant:] Your Honor, I was not able to get the case file. I've never done this before. I'm following the instructions of [T]he Hershey Company and the EEOC. I was told to ask for the case file, and I did so. I didn't send [my request] by certified mail. After a couple of weeks, I sent a certified mail request, again, on August 1[, 2024]. And, I still [did] not receive[ a reply.] So, then, I filed an appeal. And, then, I didn't get the information until [October 31, 2024.]
>
> [Trial Court:] Okay. So, when did you go about the process of at least trying to get the file from the EEOC?
>
> [Appellant:] That would have been the beginning of July, and, then, again in August.
>
> [Trial Court:] Okay.
>
> [Appellant:] I was hoping, in good faith, [the case file] would come, maybe just the representative was tied up, and I would get it late and have an excuse as to why it was late from the EEOC. But, they just didn't respond to me.

N.T., 11/25/24, at 11.

The NRTS letter sent by the EEOC to Appellant was dated June 14, 2024. Assuming that Appellant received the letter three days later, Appellant had until Monday, September 16, 2024, to file a *praecipe* for *writ* of summons or

a complaint against The Hershey Company.[5] At the November 25, 2024 hearing, Appellant explained that he neither filed a *writ* nor a complaint to commence his action against The Hershey Company within 90 days of receipt of the NRTS letter because he was waiting for certain case file information. To obtain that information, Appellant made a general request, *via* certified mail, to the EEOC on August 1, 2024, for production of the information. On October 10, 2024, Appellant made a Freedom of Information Act request, seeking certain case file information, and the information was provided to Appellant by the EEOC on October 31, 2024.[6]

Upon review, we concur with, and the record supports, the trial court's finding that Appellant failed to establish extraordinary circumstances sufficient to invoke equitable tolling of the limitations period. Appellant has not alleged fraud, concealment, or extraordinary circumstances that impeded the assertion of his rights, and we fail to see how the discovery rule has any

---

[5] *See Seitzinger*, 165 F.3d at 239 (stating that, "When the actual date of receipt is known, that date controls. However, in the absence of other evidence, courts will presume that a plaintiff received [his or] her [NRTS] letter three days after the EEOC mailed it."); *see also* 1 Pa.C.S.A. § 1908 (explaining that, whenever the last day of any period of time in which to take action "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

[6] The Freedom of Information Act is a federal statute, codified at 5 U.S.C.A. § 552, that "mandates the disclosure of documents held by a federal agency unless the documents fall within one of the nine enumerated exceptions." *United States Fish and Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021).

application in this case. In short, Appellant acted *pro se* in this matter, and his failure to understand the law, the rules of court, and, in particular, Rule 1007, foreclosed his opportunities to commence an action to toll the limitations period before proceeding with discovery. The fact that Appellant choose to represent himself does not excuse Appellant from understanding, and complying with, the rules of civil procedure. ***See Winpenny v. Winpenny***, 775 A.2d 815, 817 n.1 (Pa. Super. 2001) (stating, "[t]he right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law"). As such, we discern no error of law or abuse of discretion in the trial court's order denying Appellant's request for equitable tolling. Moreover, in light of our disposition herein, Appellant's remaining issues are moot.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/14/2025

---

[7] On May 27, 2025, Appellant filed *pro se* a "motion to stay appeal and supplement the record" with this Court. In light of our disposition herein, Appellant's *pro se* motion filed with this Court is moot.